```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
      v.                        )   Cr. No. 05-CR-10037-GAO
                                )
GRANT BOYD                      )
                                )
      Defendant.                )
```

**MOTION TO CONDUCT HEARING**

The United States of America, by and through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Nancy Rue, Assistant United States Attorney, respectfully moves this Court to conduct a hearing pursuant to its supervisory authority to determine whether a conflict of interest arises regarding the payment of attorney's fees in this matter. In the alternative, the government requests that the Court enter an order requiring defendant to disclose the identity of the third-party paying for the attorneys' fees in this matter. In support of this motion the government states as follows:

**RELEVANT FACTS**

1. Defendant has been charged with possession with intent to distribute methamphetamine, a Schedule II controlled substance, based on the receipt of a package shipped from California to Boyd.

2. Defendant retained counsel in this case in January 2005.

3.   On March 21, 2005, Defendant filed an affidavit of indigency with the Plymouth Superior Court.

4.   In or about May 2005, Defendant retained additional counsel Ron Richards in this matter.  Attorney Richards' firm is located in California, the state from which the package was sent.

6.   The government contacted counsel in this matter and requested information regarding the source of their fees.

7.   Boston counsel Peter Horstmann has represented that all fees related to himself and attorney Manieri are covered by the same fee agreement, and has asserted that he will provide that agreement and information to the court for in camera review.

8.   The government accepts counsel's representations and would be satisfied with in camera review by the court, together with ex parte inquiry of the Defendant.

9.   California counsel Ron Richards has declined to produce information related to the source of his fees, asserting that it is privileged.

### ARGUMENT

The Sixth Amendment guarantees the right to effective assistance of counsel to all criminal defendants.  <u>Strickland v. Washington</u>, 466 U.S. 668, 684 (1984).  There is a correlative right to representation that is free from conflicts of interest. <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 345 (1980).  This interest

"extends to any situation in which a defendant's counsel owes conflicting duties to that defendant and some other third person." United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995), *quoting* United States v. Soto Hernandez, 849 F.2d 1325, 1328 (10th Cir. 1988). When there is a possibility that such a conflict exists, the Court has a duty to inquire further into the matter. Wood v. Georgia, 450 U.S. 261, 272 (1981); see also Cuyler, 446 U.S. at 347 (holding that the trial court must initiate an inquiry if it knows or reasonably should know that a particular conflict exists). The Supreme Court has observed that such a conflict of interest arises when a criminal defendant is represented by a lawyer hired and paid by a third party, noting specifically the inherent danger when the third party is the operator of the alleged criminal enterprise. Wood, 450 U.S. at 268-69.

Accordingly, it is the government's position that a potential conflict of interest arises from a third-party fee arrangement for the defendants in this case and that the Court should inquire further into the source of the payment. A hearing akin to a Rule 44(c) hearing will allow the court to determine whether the defendant understands the potential conflict of interest and whether he will then voluntarily waives that conflict, foreclosing the possibility of raising an ineffective assistance of counsel claim post-judgment. See Quintero v. United States, 33 F.3d 1133, 1134 (9th Cir. 1994).

### A.  Third-Party Fee Arrangements Present a Potential Conflict of Interest

Federal court precedent recognizes that third-party fee arrangements cause a potential for conflict of interest between the represented client and the party paying for that representation.  As established in Wood, the payment of a criminal defendant's lawyer by a third party presents a conflict of interest because it gives rise to inherent dangers, such as sacrificing the interests of the defendant in order to protect or benefit the third party. See 450 U.S. at 269.  In Wood, the Supreme Court recognized that a third party fee arrangement, in which the payment of two defendant employees' legal fees by their employer, was enough to create the *possibility* of a conflict of interest and therefore warranted a duty of further investigation by the trial court. See id. at 272.  In Quintero, the Ninth Circuit held that allegations of a third-party fee arrangement was sufficient to constitute a conflict of interest, expressly stating that "a drug conspiracy case involving quantities of cocaine, fees paid by unknown third parties, and the potential for unindicted co-conspirators may be sufficient to demonstrate active representation of conflicting interests."  See 33 F.3d at 1135; see also United States v. Garfias, 894 F. Supp. 37, 40 (D. Mass. 1995) (holding that payment of defendant's legal fees by co-defendant sufficient to state a conflict of interest claim).

The facts of this case reveal the possibility of a similar

fee arrangement. Defendant filed an affidavit of indigency on March 21, 2005, but retained additional privately-paid counsel in May of 2005. The Wood, Quintero, and Garfias line of cases suggests that the possible third-party fee arrangements in this case may sufficiently be considered a potential conflict of interest.

**B.   The Court has a Duty to Inquire Further into Possible Conflicts of Interests in Representation**

The government contends that once the court determines that a possible conflict of interest exists, it is the court's duty to inquire further into the matter. The duty to inquire into possible conflicts in criminal defendants' attorney representation derives from the independent duty to ensure a fair trial under the Sixth Amendment. See United States v. Wheat, 486 U.S. 153, 161 (1988). This duty exists not only when defendants object to a possible conflict, but also when trial judges are or should be independently aware of a possible conflict, as in the case of a third-party fee arrangement. See Mountjoy v. Warden, N.H. State Prison, 245 F.3d 31, 36 (1st Cir. 2001), *citing* Wood.

In addition to the Sixth Amendment guarantee of a fair trial, the court's purpose in inquiring into a possible conflict of interest is to "evaluate the conflict and ensure it is either eliminated or waived." Mountjoy, 245 F.3d at 36, *quoting* United States v. Rogers, 209 F.3d 139, 146 (2d Cir. 2000). A defendant may waive his right to state an ineffective assistance of counsel

5

claim post-judgment if the trial court conducts an on-the-record discussion of the risks associated with third-party fee arrangements.  See Mountjoy, 245 F.3d at 36.  However, when courts do not obtain a waiver to conflict-free counsel, defendants may challenge the representation on appeal by bringing an ineffective assistance claim.  Id., *citing* Wheat, 486 U.S. at 162.

Here, the retention of private California counsel subsequent to the filing of an affidavit of indigency in state court gives rise to a strong presumption that a third party is paying the defendant's attorney's fees.  The retention of an attorney who is not licensed in this court, from the state from which the methamphetamine was shipped, reinforces the concern.  It is the government's position that the court should inquire into the identity of the source paying for defendants attorney's fees because of the desirability of avoiding post-conviction challenges based on conflicts of interest.  See Mountjoy, 245 F.3d at 39, *citing* Hopps v. State Board of Parole, 500 A.2d 355, 359 (1985).

The court in Quintero specifically noted the significance of pre-trial inquiry into third-party fee arrangements in drug cases:

> This opinion is being published to alert trial judges, particularly in drug cases, to determine whether or not third parties are paying the fees of retained counsel when the defendant is indigent and, if so, whether the defendant understands the potential conflict of interest that may

6

exist in such an arrangement and voluntarily waives that conflict.

33 F.3d at 1134.  The facts of this case are consonant with the concerns noted by the court in <u>Quintero</u>.  Defendant, facing drug charges, has asserted under penalty of perjury that he is indigent.  Following <u>Quintero</u>, the subsequent retention of private attorneys for this defendant alerts the court that an inquiry should be initiated that a potential conflict of interest may exist in the payment scheme, particularly where the subsequently retained attorney is from the same state as the methamphetamine shipper.  <u>See</u> <u>id.</u>

### C. Defendant Must Disclose Identity of Payor Because it is Not Protected by Attorney-Client Privilege

In the alternative, the government respectfully requests that the court enter an order requiring disclosure of information regarding the identity of the person(s) financing defendants' legal fees.  This information is not protected by attorney-client privilege and therefore defendants are required to provide the identities of the third-party payors.  Moreover, the government contends that the identity of the third-party sources does not fall under the last link doctrine exception.  To date, defendants have declined to produce this information directly to the government.

In determining the scope of attorney-client privilege, courts have distinguished between underlying facts – those existing independently of any communication between the attorney

7

and client – and communications about those facts, extending the privilege to the latter but not the former.  Virtually every court to consider the issue has concluded that the payment of attorney's fees is not a matter protected by attorney-client privilege.  See United States v. Ritchie, 15 F.3d 592, 602 (6th Cir. 1994), citing In Re Grand Jury Proceedings (Damore), 689 F.2d 1351, 1352 (11th Cir. 1982); see also United States v. Serafini, 7 F. Supp.2d 529, 547 (M.D. Pa. 1998) (determining that information about a third-party who was paying defendant's attorney's fees was not privileged and that the government could inquire about the matter).

Accordingly, if the Court declines to proceed with a hearing, the government respectfully requests that the court enter an order requiring defendants to disclose the source of their third-party fee arrangement because the information is not protected under attorney-client privilege.

### CONCLUSION

For the reasons stated above, the government respectfully requests that the Court hold a hearing to determine: (1) if, in fact, a conflict of interest exists, (2) if a conflict exists, whether defendant has been adequately advised of the conflict, and (3) whether defendant wishes to proceed with his current representation.  In the alternative, the government requests that the court enter an order requiring defendant to disclose this

information to the government.

                              Very truly yours,
                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:   /s/Nancy Rue
                              NANCY RUE
                              Assistant U.S. Attorney