# UNITED STATES DISTRICT COURT

DISTRICT OF **Massachusetts**

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

Room 501 of the Nine Zero Hotel at 90 Tremont Street, Boston, Massachusetts, including the safe therein

## SEARCH WARRANT

CASE NUMBER: 04-M0110-LPC

TO: Special Agent Margarita C. Brito and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent Margarita C. Brito (Affiant) who has reason to believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

Room 501 of the Nine Zero Hotel, at 90 Tremont Street, Boston, Massachusetts, including the safe therein

in the _____ District of **Massachusetts** there is now concealed a certain person or property, namely (describe the person or property)

narcotics and other illegal drugs, drug scales, drug paraphenalia, packing materials for distribution of drugs, money, cell phones, pagers, drug records, and proceeds.

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before **01-09-2005**
                                                      Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime -- 6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to _____ Hon. Lawrence P. Cohen _____ as required by law.
                                                     U.S. Judge or Magistrate Judge

December 31, 2004 — 1:45 pm at Boston, MA
Date and Time Issued                          City and State

Hon. Lawrence P. Cohen
United States Magistrate Judge
Name and Title of Judicial Officer            Signature of Judicial Officer

*Does not work w/ Bos PD time* *Do not wait for NARST*

This form was electronically produced by Elite Federal Forms, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

Grant A. Boyd

**CRIMINAL COMPLAINT**

M.J. No.:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In or about __December, 30 and December 31 2004__ in __Suffolk__ County and elsewhere in the District of __Massachusetts__, defendant did, (Track Statutory Language of Offense)

possess with intent to distribute and distribute methamphetamine, a Schedule II controlled substance

*Max penalty 20 — life*
*civil fine*

in violation of Title __21__ United States Code, Section __841(a)(1)__.

I further state that I am a(n) __Special Agent - Federal Bureau of Investigation__
Official Title

and that this complaint is based on the following facts:

Please see attached Affidavit of FBI Agent Margarita C. Brito.

Continued on the attached sheet and made a part hereof:   [x] Yes    [ ] No

Signature of Complainant
Margarita C. Brito
Special Agent - FBI

Sworn to before me and subscribed in my presence,

__December 31, 2004__    at    __Boston, Massachusetts__
Date                                 City and State

Hon. Lawrence P. Cohen
**United States Magistrate Judge**
Name and Title of Judicial Officer

Signature of Judicial Officer

## Affidavit Of Special Agent Margarita C. Brito

I, Margarita C. Brito, on oath depose and state that:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I have been employed by the FBI since October 2003, and I have had extensive training in law enforcement at the FBI training facility in Quantico, Virginia, as well as subsequent training by the Drug Enforcement Administration in narcotics investigation. I am currently assigned to the drug unit in Boston, and have been since February 2004. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I make this affidavit based upon personal knowledge derived from my participation in this investigation and upon information provided to me by other federal and local law enforcement officers and a previously reliable confidential informant ("CI"). This affidavit is submitted in support of a criminal complaint charging Grant Boyd with possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), as well as a search warrant to search the hotel room possessed, inhabited and controlled by Grant Boyd during the dates referred to above, and the cellular telephone on Boyd's person when he exited his Room 501. The investigation in this matter is ongoing, and involves many persons and agencies. Accordingly, I have not included each and every fact known to me and to other agents working in this investigation. Instead, I have included only those facts

1

which I believe are necessary to establish the existence of probable cause to support the issuance of the Complaint and Search Warrant.

3. Based on my training and experience, I know that methamphetamine is a Schedule II controlled substance under federal law, that it is secretly manufactured in the United States, and that it is often transferred from the West Coast to the East Coast by means of the mail system and/or private shipping companies. In addition, I know that methamphetamine is commonly consumed by users by smoking, snorting, eating, or injecting it. Methamphetamine distributors often sell the product in a crystal form commonly referred to as "ice" and typically having a purity level in excess of 80%. This form of methamphetamine has the appearance of rock candy or ice crystals and it is commonly referred to by users and dealers as crystal methamphetamine. Other names for methamphetamine with which I am familiar are "glass," "crystal," "crank," "speed," "tina," and "go fast."

4. Grant Boyd is the target of an investigation by an FBI/DEA task force. This investigation has relied on information provided by confidential informants. Grant Boyd is currently on supervised release for a 2001 conviction for importation of MDA (Ecstasy) and a revocation proceeding has been instituted based on Boyd's possession of 1,4 butanediol.

5. On or about December 29, 2004, a confidential informant (CI) placed a consensually recorded telephone call to Grant Boyd for the purpose of purchasing methamphetamine. During subsequent telephone contacts, the CI dialed the same telephone number and stated that the outgoing voicemail message identified the user as "Mark Martin." 

6. On December 30, 2004, law enforcement officers had discussions with personnel at the

Ex 5-C

Nine Zero Hotel, a luxury boutique hotel at the corner of Tremont Street and Bosworth Streets, in downtown Boston.

7. During those discussions, hotel personnel noted that a person registered as Mark Martin had stated that he was expecting a package to be delivered between 9 a.m. and noon on December 30, 2004. Martin had stated that he would be out when the package arrived and asked that the package be left in his room. While the law enforcement personnel were present in the hotel, a person who was recognized by law enforcement personnel as Grant Boyd arrived at the hotel. Surveillance officers observed Grant Boyd go into Room 501, which was registered to Mark Martin.

8. Hotel personnel identified Grant Boyd as the person who had presented himself to the hotel as Mark Martin. Hotel personnel told law enforcement that Boyd had repeatedly asked about the package that he was expecting from Federal Express. Hotel personnel reported that Boyd appeared nervous when he asked them about the package, and also asked hotel personnel whether anyone had been inquiring about him or about the package.

9. Surveillance on the hotel indicated that no package was delivered on December 30, 2004.

10. Each room in the hotel has a safe, and the hotel as a matter of policy directs guests to use that safe for storage of valuables during their stay. Based on my experience, I am aware that persons staying in hotel rooms frequently use hotel safes to secure valuables, including money, about which they have security concerns. Information provided by hotel staff indicates that Grant Boyd has been very security conscious during his stay at the hotel, and that he has inquired, for example, whether other persons had asked about him or about the package he was expecting.

11. I am further aware that the hotel provides daily maid service to each occupied room, and

that Boyd therefore was aware that hotel personnel might have access to his room while he was not in it. *[handwritten: GOES to PROVE NOTHING WAS IN HOTEL ROOM or EXPOSED]*

12. On December 30, 2004, the CI made arrangements to meet with Grant Boyd for the purpose of obtaining approximately one ounce of methamphetamine. The CI was searched for contraband and money before meeting with Boyd, and no contraband or money was found. The CI was equipped with an audio body recorder and approximately $1,500 in government funds. He arranged to meet with Boyd at the Omni Parker House Hotel, at 60 School Street, located at the corner of Tremont and School Streets, a short distance from the Nine Zero Hotel.

13. After the initial meeting, which was surveilled by law enforcement agents, the two persons left the hotel on foot and walked around the downtown Boston area, in a circuitous manner. They were occasionally seen by law enforcement officers, but ultimately surveillance was lost. The CI and Boyd were later seen by law enforcement officers when they observed the CI exit the hotel. The CI met with law enforcement officers and provided them with the substance, which appeared to be methamphetamine, in a small plastic ziploc bag. Law enforcement agents then searched the CI for drugs and contraband, with negative results.

14. The CI reported that Boyd had taken the CI on a circuitous walk through downtown Boston, during which Boyd had provided him with the methamphetamine and the CI had provided Boyd with money. Boyd then took the CI back to the Nine Zero Hotel, Room 501, where he required the CI to strip, and the CI complied. Boyd did not detect the monitoring device during this process. The CI and Boyd weighed the substance and

4

determined that it weighed approximately 21 grams.

15. The CI reported that the room contained scales, a smoking pipe, and that there was another person present using a computer. *NO Drugs or Drug Stuff/equipment*

16. On December 31, 2004, law enforcement personnel identified a Federal Express package at Logan Airport addressed to Mark Martin at the Nine Zero Hotel. Federal Express personnel opened the package and determined that it contained approximately 3 pounds of a substance recognized by law enforcement personnel to have the appearance of crystal methamphetamine.

17. This package was delivered to Room 501, where Boyd received the package at approximately 11:37 a.m. Boyd left the room at approximately 11:53 a.m., with his cellular telephone, at which point he was apprehended by law enforcement agents. The room was secured and law enforcement personnel contacted prosecutors to seek a search warrant and arrest authority.

18. Based on my training and experience, I am aware that persons who are purchasing, using and distributing controlled substances illegally frequently use cellular telephones to notify the persons buying the drugs that the drugs are available in order to coordinate the distribution. The CI has contacted Grant Boyd on a cellular telephone both by the voice contact, voice message, and text message.

19. Cellular telephones have several data storage features that may contain evidence of drug distribution activities. These telephones have address books, recent calls lists, voicemail boxes, text messaging, and "instant messaging service," all of which may provide information regarding, and evidence of Boyd's contacts, with drug purchasers, sellers,

5

and other drug acquaintances.

20. Based on the foregoing, I submit that there is probable cause to believe that Grant Boyd possessed with intent to distribute methamphetamine, a Schedule II controlled substance, in Boston, Suffolk County, in the District of Massachusetts, in violation of Title 21, United States Code, Section 841(a)(1), as well as to search Room 501 of the Nine Zero Hotel, and the room safe therein, for narcotics and other illegal drugs, drug scales, drug paraphenalia, packing materials for distribution of drugs, money, cell phones, pagers, drug records, and proceeds, and to search Grant Boyd's cellular telephone for address books, recent calls lists, voicemail boxes, text messaging, and information regarding use of "instant messaging service."

_____
Margarita C. Brito
Special Agent, Federal Bureau of Investigation

Sworn to and subscribed before me this 31st day of December 2004.

_____
Lawrence P. Cohen
United States Magistrate Judge
District of Massachusetts

AO 93 (Rev. 8/98) Search Warrant (Reverse)

| RETURN | | CASE NUMBER: |
|---|---|---|
| DATE WARRANT RECEIVED<br>12/30/2004 | DATE AND TIME WARRANT EXECUTED<br>12/30/2004 | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH<br>Grant Boyd |
| INVENTORY MADE IN THE PRESENCE OF | | |

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____   _____
U.S. Judge or Magistrate Judge        Date