UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  Cr. No. 05-CR-10037-GAO |
| | ) |
| GRANT BOYD, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS**

The United States of America, by and through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Nancy Rue, Assistant United States Attorney, respectfully opposes Defendant Grant Boyd's Motion to Suppress Evidence. As further set forth below, Defendant has failed to show that he has standing to raise the motion. Additionally, the motion fails to comport with the Local Rules, is factually inaccurate, and is legally without merit. For these reasons, the motion should be denied without oral argument or evidentiary hearing.

**I.    Boyd Must Show Standing Before Proceeding to the Merits of the Motion.**

It is firmly established that Fourth Amendment rights are personal and may not be vicariously asserted, Rakas v. Illinois, 439 U.S. 128, 133-34 (1978), and that the exclusionary rule's benefits run only to those whose Fourth Amendment rights have been violated. Id. at 134. For this reason, standing is a threshold question that must be addressed before a motion to suppress may be otherwise heard on the merits. As stated by the First Circuit: "Before embarking on the merits of a suppression challenge, a criminal defendant must show that he had a reasonable expectation of privacy in the area searched . . . ." United States v. Aguirre, 839 F.2d 854, 856 (1st Cir. 1988). This burden must be met by defendant at the time of the pretrial

hearing. "Unless and until the 'standing' threshold is crossed, the bona fides of the search and seizure are not put legitimately into issue." Id.

In cases involving the search of a package, the Defendant must assert that he was either the sender or the addressee of the package. United States v. Koenig, 856 F.2d 843, 846 (7th Cir. 1988) ("Because [Defendant] was neither the sender nor the addressee of the package and thus has no privacy right in it, he therefore has no standing to make the request."); United States v. Givens, 733 F.2d 339, 341 (7th Cir. 1984) (defendants' status as the intended recipients of the cocaine conferred upon them no legitimate expectation of privacy in the contents of a package addressed to another"). Otherwise, he has no legitimate expectation of privacy in the package, and his motion to suppress must, as a matter of law, fail.

Accordingly, the government respectfully requests that this Court dismiss this motion without argument or hearing, unless Defendant has, by the date of the argument, acknowledged by affidavit (or by live testimony at the hearing) that he was the intended recipient of the package.

**II.     This Motion Fails to Comply with Local Rule 7.1(B) and Should Be Dismissed**

The Local Rules require that when a party files a motion, "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion." Local Rule 7.1(B) (1). Defendant has failed to comply with this Local Rule. Instead, the Defendant has simply invented facts that might, if proven, support a legal theory for suppression. By failing to provide any support for the propositions he asserts, Defendant has failed to comply with the Local Rules, and, equally fatally, he has failed to present evidence of a live dispute as to which this Court must rule.

The mandatory language of Local Rule 7.1 requiring the filing of an affidavit to demonstrate factual disputes coincides with the threshold burden imposed by First Circuit case law for obtaining an evidentiary hearing on a motion to suppress. Because Defendant has failed to meet this burden, this Motion should be denied without a hearing. In <u>United States v. Migely</u>, 596 F.2d 511 (1st Cir. 1979), the Court affirmed the district court's denial of the defendant's motion to suppress evidence without conducting an evidentiary hearing. In so doing, the Court articulated that standard that a defendant must meet in order to obtain an evidentiary hearing on a motion to suppress:

> Evidentiary hearings on motions under Fed.R.Crim.P. 41(e) are not granted as a matter of course; they are required only when a defendant makes a sufficient showing that a warrantless search has occurred. The defendant must allege facts, "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." The factual allegations must be such that, if proved, would require the grant of relief . . . .

<u>Id</u>. at 513 (citations omitted). Significantly, the Court specifically asserted that such facts must be more than "general and conclusory or based upon suspicion and conjecture." <u>Id</u>.

Likewise, in <u>United States v. Panitz</u>, 907 F.2d 1267 (1st Cir. 1990), the Court affirmed the district court's denial of the defendant's motion to dismiss for alleged outrageous government misconduct without conducting an evidentiary hearing. In so doing, the Court held that "a criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." <u>Id</u>. at 1273. Rather, it ruled, "[t]he test for granting an evidentiary hearing in a criminal case should be substantive: did the defendant make a sufficient threshold showing that material facts were in doubt or dispute?" <u>Id</u>. The Court further held that the district court acted within its discretion in rejecting the requested evidentiary hearing because the material facts were not in dispute. <u>Id</u>. at 1274.

The legal principles enunciated in Migely and Panitz have been reaffirmed in subsequent opinions. United States v. Staula, 80 F.3d 596, 603-04 (1st Cir. 1996)(explaining that an evidentiary hearing on a motion to suppress is required "only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record" and "[m]ost importantly, . . . that there are factual disputes which, if resolved in [defendant's] favor, would entitle him to the requested relief."); United States v. Calderon, 77 F.3d 6, 9 (1st Cir. 1996)(affirming district court's denial of motion to suppress fruits of warrantless search of apartment without conducting evidentiary hearing where defendant filed no affidavits in support of the motion); United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994)(affirming district court's refusal to hold evidentiary hearing on defendants' motion to suppress evidence where defendants failed to file any affidavits containing specific facts in support of their motion).

In this case, the Defendant has set forth numerous assertions as if they were fact, but has set forth no affidavit or other evidence to back them up.[1]  Primarily, the Defendant alleges

---

[1] The Defendant makes the following unfounded assertions:

"Law enforcement requested Fed Ex to open the package in their presence.  The defense believes that law enforcement targeted the package and instructed Fed Ex employees to open it.  The package was resealed by law enforcement." [Def. Mem. at 3.];

"In this case, the search was requested by Boston Police." [Def. Mem. at 4.]

"Fed Ex employees [were] following orders of the Boston Police." [Def. Mem. at 5.]

"There was no independent motivation of the Fed Ex employee to open the package." [Def. Mem. at 5.]

"The United States Attorney has chosen to prosecute the defendant, Grant Boyd, for an offense that was almost exclusively investigated and prepared entirely by the Boston Police Department." [Def. Mem. at 7]

4

without citation to evidence that "the defense believes that law enforcement targeted the package and instructed Fed Ex employees to open it." Def. Mem. at 3. These assertions are the type of conclusory allegation "based upon suspicion and conjecture" that do not merit an evidentiary hearing under United States v. Migely, 596 F.2d at 13. The bald accusation of misconduct, without some evidence, is not a sufficient basis on which to call on the government to justify its conduct at an evidentiary hearing. Id. A district court is not obliged to schedule an evidentiary hearing on the basis of conclusory allegations, vague insinuations, unsupportable inferences, rank speculation, opprobrious epithets, or any combination of the foregoing." United States v. Panitz, 907 F.2d at 1274.

Accordingly, because Defendant has failed to file an affidavit or to submit any other evidence alleging specific facts in support of his motion, his motion should be denied without a hearing.

### III.   Boyd Has Not Met His Burden to Show the Federal Express Employee Was Acting as a Government Agent.

The evidence supported by testimony in this case is as follows:

A joint FBI/DEA task force investigated this case. Affidavit of FBI Special Agent Margarita Brito, attached to Complaint, Docket Entry 1 [hereinafter Brito Affidavit], at ¶¶ 2, 4. A Federal Express employee opened a package addressed to "Mark Martin" at the Nine Zero Hotel on December 31, 2004. The package contained a substance recognized by law enforcement as crystal methamphetamine. Brito Affidavit at ¶16. On the basis of the package contents and other information, the FBI applied for a search warrant as well as a Criminal Complaint against the Defendant. Brito Affidavit at ¶ 20.

It is axiomatic that the Fourth Amendment's warrant requirement does not apply to searches by private parties. Burdeau v. McDowell, 256 U.S. 465, 475 (1921); United States v.

Jacobsen, 466 U.S. 109, 113-15 & n.10 (1984) (opening of package by Federal Express did not implicate the Fourth Amendment). A search by a private party, even if wrongful, does not implicate the Fourth Amendment. Id. See also United States v. Koenig, 856 F.2d 843, 846-47 (7th Cir. 1988) (opening of package by Federal Express did not implicate the Fourth Amendment).

Federal Express opened the package at issue in this case. Brito Affidavit, at ¶ 16. Defendant bears the burden of establishing that Federal Express did so at the behest of the government and not for its own corporate reasons. United States v. Koenig, 856 F.2d 843, 846-47 (7th Cir. 1988) (citing Nardone v. United States, 308 U.S. 338, 341 (1939)); United States v. Garlock, 19 F.3d 441, 443 (8th Cir. 1994). This burden is a heavy one. In order to show that the actions of a private entity had been converted into those of a government in a manner that would implicate the Fourth Amendment, Defendant would have to show an exercise of governmental power over the private entity to such an extent that the private entity could be said to be controlled by the government. Koenig, 856 F.2d at 849-50 ("It is only by the exercise of some form of control that the actions of one may be attributed to another.")

Defendant has not met that burden. There is no evidence – outside of Defendant's bald conjecture – to support his assertion that Federal Express was directed in any way by law enforcement. It is well established that Federal Express opens packages suspected of containing contraband pursuant to its own internal policies. United States v. Smith, 383 F.3d 700, 705 (8th Cir. 2004); United States v. Koenig, 856 F.2d 843, 849 (7th Cir. 1988). Federal Express has a compelling private interest in not being a drug smuggler's courier of choice. Koenig, 856 F.2d at 849. See also Smith, 383 F.3d at 705-06. "As the Supreme Court has pointed out, a commercial carrier such as FedEx has a 'duty to refrain from carrying contraband,' and such a

6

carrier's employees may act to ensure compliance with that duty." Smith, 383 F.3d at 705. "It is Federal Express corporate policy to protect its employees from 'all types of criminal activity' by opening and inspecting packages." Koenig, 856 F.2d at 849. Federal Express policy is to contact authorities if a controlled substance is found. Id.

Defendant has shown no facts that would support any inference that government control was involved in the instant search in a manner that would offend the Fourth Amendment. Outside of Defendant's base, and baseless, conjecture that this FBI/DEA investigation was somehow subservient to some unnamed renegade Boston cops, Defendant cites no grounds whatsoever for his allegation that the search of the package at issue was improper. Accordingly, Defendant has not shown a factual dispute, and Defendant's motion should be denied without an evidentiary hearing.

## Conclusion

As demonstrated above, this Motion to Suppress is wholly without merit. Defendant has failed to demonstrate standing to bring this motion. Defendant has likewise failed to comply with the Local Rules. Most significantly, however, on the merits, the Defendant has failed to show in any manner whatsoever that the search at issue implicated, much less violated, the Fourth Amendment. Accordingly, this motion should be dismissed without hearing.

Very truly yours,

MICHAEL J. SULLIVAN

United States Attorney


By:   /s/Nancy Rue
      NANCY RUE
      Assistant U.S. Attorney