UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 05-CR-10037-GAO |
| | ) | |
| GRANT BOYD | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO MOTION FOR EVIDENTIARY HEARING; AND OPPOSITION TO
CONTINUANCE BEYOND 11/18/05**

The government hereby opposes defendant's motion to continue the hearing on the

suppression motion currently scheduled for November 14, 2005, to the extent that it purports to

seek an evidentiary hearing.

Although Defendant's motion asserts that Defendant previously filed a "Motion to

Suppress and Request Evidentiary Hearing," [Docket 24, "Relevant Facts," ¶ 1], the record

shows that that assertion is not accurate.  As is clear from a review of Defendant's original

motion and accompanying memorandum [Docket 19], Defendant's previous filing did not

request a hearing.  Defendant likewise did not request oral argument in the manner required by

Local Rule 7.1(D).

Additionally, at the status conference before the Court on October 12, 2005, the

government noted its opposition to an evidentiary hearing in this matter, given that the

Defendant had failed to submit an affidavit or any evidence of contested facts.  The Court

determined that the Court would hold argument on November 14, 2005 and would consider at

that time whether any evidentiary hearing would be needed.  The government has opposed

Defendant's motion papers and therein argues that no evidentiary hearing is appropriate in light

of Defendant's failure to support its suppression motion with anything beyond suspicion and

conjecture.  United States v. Migely, 596 F.2d 511 (1st Cir. 1979) (The bald accusation of

misconduct, without some evidence, is not a sufficient basis on which to call on the government

to justify its conduct at an evidentiary hearing.); United States v. Panitz, 907 F.2d 1267 (1st Cir.

1990) ("A district court is not obliged to schedule an evidentiary hearing on the basis of

conclusory allegations, vague insinuations, unsupportable inferences, rank speculation,

opprobrious epithets, or any combination of the foregoing.")

Accordingly, while the government has no objection to moving the currently scheduled

argument from November 14, 2005 to November 18, 2005 (and has assented to such both in a

telephone conversation with Peter Horstmann and in a letter to Attorney Richards), the

government does object to any scheduling of an evidentiary hearing.  The government

additionally objects to any delay in this matter beyond November 18, 2005.

Very truly yours,

MICHAEL J. SULLIVAN

United States Attorney


By:    /s/Nancy Rue_____
       NANCY RUE
       Assistant U.S. Attorney