**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| United States of America, | ) |
| | ) |
|     Plaintiff | ) CRIMINAL ACTION |
| | ) CASE NO.  05-10037-GAO |
| v. | ) |
| | ) MOTION FOR RECONSIDERATION |
| | ) BASED UPON THE ILLEGAL |
| Grand Boyd, | ) SEIZURE OF THE PACKAGE |
| | ) AND INCORPORATED |
| | ) MEMORANDUM OF LAW |
|     Defendant. | ) |

    NOW COMES the Defendant, through counsel, and hereby moves this Honorable Court to reconsider its ruling dated February 8, 2006, for the following reasons:

    A.    **THE COURT'S DECISION IGNORES THE FACT THAT THE SEIZURE OF THE PACKAGE AT THE DIRECTION OF LAW ENFORCEMENT CAN NEVER RENDER THE SUBSEQUENT SEARCH A PRIVATE SEARCH.**

    In its February 8, 2006 order, the Court specifically found that Federal Express employee Gulley would not have intercepted the package if Trooper Murray had not asked him to be on the lookout for a package to be delivered to the Nine Zero Hotel. The Court concluded that this constituted "but for" causation. (p. 4). However, the Court's opinion focused on the search of the package without considering the fact that the warrantless seizure of the package caused by Trooper Murray rendered any subsequent warrantless search by a private party the equivalent of a law enforcement search. If Murray had not told Gulley to look out for the package, it would have been delivered by the route driver. Murray's instructions to Gulley caused Gulley to place an alert to the route driver for any packages being delivered to the Nine Zero Hotel. The alert

instigated by Murray, through his long time affiliate and former brother law enforcement officer Gulley, had the effect of a blanket seizure of any package arriving to the Nine Zero Hotel.

Despite the Court's findings justifying the ultimate search in this case, the findings do not justify the search when precipitated by the fact that law enforcement initiated the seizure in the first place.  The Court's reliance on *United States v. Pervaz,* 118 F.3d 1 (1st Cir. 1997), is misplaced where it has already found causation.  It is respectfully submitted that the inquiry engaged in by *Pervaz,* and other circuits set forth in *Pervaz,* was for the purpose of establishing whether causation existed between law enforcement conduct and the search.[1]  In the instant case, the Court already found causation and, therefore, need not have engaged in the *Pervaz* inquiry. The Supreme Court recognized in *United States v. Jacobsen*, 466 U.S.109, 114 (1984), that a package delivered by Federal Express carrier is "unquestionably an 'effect'" within the meaning of the Fourth Amendment and may only be lawfully seized by law enforcement based upon reasonable suspicion that the package contains contraband.  *See Argument B, infra.*  However, in *Jacobsen*, the Federal Express carrier initiated the search before law enforcement was involved. Here, law enforcement initiated the warrantless **seizure** and, therefore, the subsequent search cannot be accurately described as "private".[2]  Having failed the Court's "but for" test for

---

[1]Likewise, the Court's reliance on *United States v. Momoh*, 427 F.3d 137, 142 (1st Cir. 2005), is inapposite to the instant case where the search in *Momoh*, where the Court concluded that there was no law enforcement initiation of the search or seizure.

[2]At the time of the filing of the instant Motion, counsel has been unable to find authority directly on point for this proposition despite its inherent logic.  However, the Court's conclusion that a private search may be conducted after a law enforcement initiated seizure, as in the instant case, is equally unsupported.

causation for the **seizure**, the Government has failed to prove that the warrantless search by Federal Express was a private search. Therefore, the fruits of the search must be suppressed.

      **B.**      **THE GOVERNMENT DID NOT POSSESS REASONABLE SUSPICION TO JUSTIFY THE WARRANTLESS SEIZURE OF THE FEDERAL EXPRESS PACKAGE**

A law enforcement officer must have reasonable suspicion that a piece of mail, or a package shipped via a commercial carrier, contains contraband to lawfully seize it for investigative purposes. *United States v. Smith*, 383 F.3d 700 (8th Cir. 2004).

When the government removes a package from the mail stream and takes it to another part of a mail processing facility for more thorough inspection, generally by a drug-sniffing dog, then it has conducted a stop subject to constitutional scrutiny; such a stop is analogous to a *Terry* stop and must be supported by reasonable suspicion. *United States v. Fuller*, 374 F.3d 617 (8th Cir. 2004).

In order to determine if a seizure of a package from the mail stream violates the Fourth Amendment, the Court of Appeals examines the totality of the circumstances arguably supporting a determination of reasonable suspicion, evaluating those circumstances as they would be understood by those versed in the field of law enforcement. *United States v. Morones*, 355 F.3d 1108 (8th Cir. 2004).

The Supreme Court has made it particularly clear that "based on the whole picture, the detaining officers must have a particularized and objective basis for suspecting a particular [package detained] of criminal activity." *United States v. Cortez,* 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). Here, there was just a blanket order to seize any package.

This is a hardly a particularized and objective basis. There was no articulation of how the officer's experience bore upon his appraisal of the package in light of the profile. The reasons given by Gulley, that the package was heavily taped, had been shipped from California, and was addressed to a hotel, were hardly criminal.

Law enforcement officers are permitted to draw "inferences and deductions that might well elude an untrained person." *Id.* at 418, 101 S.Ct. 690. Nevertheless, those inferences and deductions must be *explained.* Specifically, the Fourth Amendment requires an officer to explain *why* the officer's knowledge of particular criminal practices gives special significance to the apparently innocent facts observed. *See id.* at 418-22, 101 S.Ct. 690 (particular inferences drawn by experienced Border Patrol officers justified the stop at issue); citing *Ornelas v. United States*, 517 U.S. 690, 700, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (in determining existence of probable cause, officer may draw inferences based on experience; based on officer's experience, loose panel below back seat armrest suggested storage of drugs rather than wear and tear); 4 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 9.4(a) at 143 (3d ed.1996) (because the officer's inferences and deductions were fully explained at the suppression hearing, *Cortez* correctly held that "a particularized and objective basis" existed for the stop).

The present case closely resembles *Reid v. Georgia,* 448 U.S. 438, 441, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980), a case in which the characteristics of a "drug courier profile" were held insufficient to create a reasonable suspicion of criminal activity (petitioner arrived from city identified as "principal place" for cocaine importation, arrived at airport early in morning, petitioner and companion appeared to conceal fact of traveling together, and the two had no luggage other than shoulder bags).

4

In *United States v. Johnson*, 171 F.3d 601, 604-606 (8th Cir. 1999), the Eighth Circuit suppressed the evidence due to an unreasonable seizure of the package. The *Johnson* Court held:

> None of the particularized facts relied upon by the government was inherently suspicious, and each can be readily characterized as "conduct typical of a broad category of innocent people." *United States v. Weaver,* 966 F.2d [391,] 394 [(9th Cir. 1992)]; *see United States v. Dennis,* 115 F.3d [524,] 535-40 [(7th Cir. 1997)] (Ripple, J., concurring in part and dissenting in part) (arguing that authorities lacked reasonable suspicion to detain package mailed **(1) from Los Angeles, (2) by Express Mail from one individual to another individual, (3) heavily taped, and (4) from a zip code different from that of return address)** [(*Emphasis added*) (*Same reasons given in this case*)]; *United States v. Gren*, 52 F.3d 194, 198 (8th Cir. 1995) (rejecting travelling alone, carrying a small bag, wearing new and baggy clothes, and failing to make eye contact with officer as indicative of criminal activity). For example, a business or vacation traveler may address labels by hand, using his or her address or the destination address as the return address, and mail packages from airport postal stations. California is a "source" state for narcotics. However, it is also the most populous state in the country, as well as one of the most frequently visited states, for business and pleasure, facts which undermine the significance of its role as a "source" state as an articulable basis for reasonable suspicion of criminal activity. *See United States v. Beck,* 140 F.3d [1129,] 1137-38 & nn. 2-3 [(8th Cir. 1998)] (citing cases).

In this case, the factors used by Murray to cause the seizure of the package were non-existent. There was simply a blanket seizure order. Even Gulley's stated reasons for the search were factors rejected by other courts for even a seizure. This was simply a "drift net fishing expedition" that swallowed the Fourth Amendment as well. There was not a scintilla of any individualized suspicion or criteria in evaluating whether, at the time of the seizure, there were particularized facts to justify the seizure of Mr. Boyd's package. As such, since the seizure of the package was without any reasonable suspicion and was caused by Murray, the subsequent

search was a product of an unlawful government initiated seizure.  Thus, the contents must be suppressed.

Respectfully Submitted,

/s Ronald N. Richards, Esq.

_____

Ronald Richards and Associates

Ronald Richards, Esq. SB#176246

P.O. Box 11480
Beverly Hills, CA 90213

310-556-1001 Office

310-277-3325 Fax

Respectfully submitted,

Peter Charles Horstmann, Esquire

BBO #556377

PARTRIDGE, ANKNER & HORSTMANN

200 Berkeley Street, 16th Floor

Boston, Massachusetts 02116

(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 15th day of February, 2006, a copy of the foregoing MOTION FOR RECONSIDERATION BASED UPON THE ILLEGAL SEIZURE OF THE PACKAGE AND INCORPORATED MEMORANDUM OF LAW was served electronically upon Assistant United States Attorney Nancy Rue, One Courthouse Way, Boston, MA.

Peter Charles Horstmann, Esquire