IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| USA | ) |
| | ) |
| | ) |
|       **Plaintiff(s),** | ) CRIMINAL ACTION |
| | ) CASE NO. 05-10037-GAO |
| v. | ) |
| | ) |
| **Grand Boyd** | ) |
| | ) |
|       **Defendant** | ) |

**DEFENDANT BOYD'S OPPOSITION TO GOVERNMENT'S MOTION FOR EXCLUDABLE TIME AND INCORPORATED CROSS-MOTION FOR THE COURT TO CALCULATE THE SPEEDY TRIAL CLOCK AND INCORPORATED MEMORANDUM OF LAW**

**I. INTRODUCTION[1]**

At the Defendant's arraignment on April 3, 2006, his attorney raised a Speedy Trial concern. The Government has now filed a circumscribed motion seeking excludable time from April 10, 2006 to May 6, 2006. The Defendant objects to this motion because the Speedy Trial Clock may have expired making the motion for excludable time moot.

Additionally, the Defendant requests that this Court calculate the Speedy Trial Clock as is required by law.

**II. THE COURT HAS A DUTY TO CALCULATE THE SPEEDY TRIAL CLOCK**

Courts must comply with the time limits of the Speedy Trial Act within the limits proscribed by the 18 U.S.C. §3161. *United States v. Nance*, (9th Cir. 1982), 666 F.2d 353, certi. denied, 456 U.S.

---

[1] The undersigned counsel have requested copies of the hearings held on May 17, July 12 and August 9, 2005, for the purpose of determining whether counsel assented to any of the excluded periods.

918 (1982).

A speedy trial is a right to which a defendant is entitled to as a matter of law. It is the Court's responsibility to insure that criminal trials proceed expeditiously, and the defendant need not press for a quick adjudication of his case in order to preserve his rights. *United States v. Rivera*, 427 F.Supp. 89 (S.D.N.Y.1977).

In this case pursuant 18 U.S.C. § 3161, there is a question as to whether the Speedy Trial Clock has elapsed. As to the vast majority of the periods excluded by the Court there is no reason given for the exclusion. The Speedy Trial Clock requires a clear articulation of the reasons that support an "in the interests of justice" exclusion. *United States v. Crawford,* 982 F. 2d 199, 204 (6th Cir., 1993). Therefore, the Defendant moves for the Court to calculate the time elapsed.

### III.    THE DEFENDANT'S CALCULATIONS

| Dates | Time Elapsed | Court Ruling/Motion Pending |
|---|---|---|
| March 17- April 14, 2005 | 0 days | Excluded under L.R. 112.2* |
| April 14- May 13, 2005 | 29 days | Excluded in the interests of justice* |
| May 13- 17, 2005 | 0 days | Excluded Defense Motion to Continue |
| May 17- July 12, 2005 | 56 days | Excluded in the interests of justice* |
| July 12- August 9, 2005 | 28 days | Excluded in the interests of justice* |

---

*On May 17, 2005, the Court excluded the entire period of March 17, 2005- July 12, 2005. There is a question as to whether the Court can make retroactive end of justice findings when they have to be made contemporaneously. Several courts have held that retroactive findings violate the Speedy Trial Act. *United States v. Carey*, 746 F. 2d 228, 230 (4th Cir. 1984); *United State v. Richmond*, 735 F. 2d 208, 215-16 (6th Cir., 1984); *United States v. Frey*, 735 F. 2d 350, 353 (9th Cir. 1984); *United States v. Brooks*, 697 F. 2d 517, 520 (3rd Cir. 1982) (district judge must consider the matter at the outset).

| August 10- September 14, 2005 | 35 days | Excluded in the interests of justice[*] |
| --- | --- | --- |
| September 14- October 3, 2005 | 19 days | |
| October 3, 2005- January 8, 2006 | 0 days | Excluded Motion to Suppress pending +30 days from hearing on 12/9/05 |
| January 8- January 25, 2006 | 17 days | |
| January 25- February 15, 2006 | 21 days | Excluded in the interests of justice[†] |
| February 15- March 18, 2006 | 0 days | Excluded Motion for Reconsideration pending |
| March 18- April 10, 2006 | 23 days | Excluded in the interest of justice[†] |

April 10, 2006 to May 2, 2006 is Government's proposed excludable delay to which the Defendant objects. The other defendants do not qualify nor have sought excludable time. The Government cites 18 U.S.C. 3161(h)(7) to support excludable time as to Boyd due to the carry over provision. However, there is no motion pending to support the excludable time for the requested period. Moreover, because the Clock has not reset because of the Superceding Indictment, the Parties and the Court would benefit from a calculation of time elapsed under the Speedy Trial Clock to date.

---

[†]On January 25, 2005, the Court ordered that the period of January 25- April 10, 2006, be excluded. A trial was set for April 10, 2006. The Superceding Indictment was returned prior to the trial date. Neither the Court nor the Defendant were advised of the possibility of a Superceding Indictment on January 25, 2006, when the Trial date was chosen and the period excluded.

WHEREFORE, based on all of the above, Mr. Boyd moves that the Court deny the Government's motion and calculate the correct Speedy Trial Clock.

Respectfully submitted,

/s Ronald N. Richards, Esq.
_____
Ronald Richards and Associates
Ronald Richards, Esq. SB#176246
P.O. Box 11480
Beverly Hills, CA 90213
310-556-1001 Office
310-277-3325 Fax

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 13th day of April, 2006, a copy of the foregoing OPPOSITION TO GOVERNMENTS MOTION FOR EXCLUDABLE TIME AND INCORPORATED CROSS-MOTION FOR THE COURT TO CALCULATE THE SPEEDY TRIAL CLOCK AND INCORPORATED MEMORANDUM OF LAW was served electronically upon Assistant United States Attorney Nancy Rue, One Courthouse Way, Boston, MA.

Peter Charles Horstmann, Esquire