UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 05cr10037-GAO

UNITED STATES OF AMERICA

v.

GRANT BOYD

ORDER ON MOTION TO EXCLUDE TIME (DOCKET #46)

SOROKIN, M.J.

The Government moves to exclude the time from the day after the last interim status conference held on April 10, 2006 until the date of the next conference on May 2, 2006. Docket # 46. Defendant did not assent to such an exclusion at the conference and has filed a written opposition to the written motion of the United States. Defendant's Opposition to Government's Motion for Excludable Time ("Opposition"), Docket # 49. Boyd takes issue with more than the period addressed by the United States in his opposition.

The periods that have already been excluded or are excluded by this Order as a result of a concession by Boyd in his opposition, are set forth below.

On May 17, 2005, the Court excluded the period from March 7, 2005 until July 12, 2005, by agreement of the parties and based upon the findings and for the reasons set forth in the Order and Initial Status Report. Docket # 12.

On July 12, 2005, the Court excluded the period from July 12, 2005 until August 9, 2005, by agreement of the parties and based upon the findings and for the reasons set forth in the Order and Interim Status Report. Docket # 15.

On August 9, 2005, the Court excluded the period from August 9, 2005 until October 7,

2005, by agreement of the parties and based upon the findings and for the reasons set forth in the Order and Interim Status Report.  Docket # 17.

On September 14, 2005, the Court excluded the period from September 14, 2005 until November 3, 2005, by agreement of the parties and based upon the findings and for the reasons set forth in the Order and Interim Status Report.  Docket # 18.

In his opposition, Boyd concedes to the exclusion of the period from October 3, 2005 until January 8, 2006, due to his pending Motion to Suppress and the first thirty days after the hearing during which the Motion was under advisement.  Opposition at pg. 3.  Accordingly, the Court hereby ORDERS the exclusion from the Speedy Trial Clock of the period from October 3, 2005, the date Boyd filed his Motion, through January 8, 2006, thirty days after the December 9, 2005 hearing on the Motion, under 18 U.S.C. §3161(h)(1)(F) and by the defendant's agreement.

Boyd also concedes to the exclusion of the period from February 15 - March 18, 2006, while his Motion for Reconsideration was pending.  Accordingly, the Court hereby ORDERS the exclusion from the Speedy Trial Clock the period February 15 to March 18, 2006, under 18 U.S.C. §3161(h)(1)(F) and by the defendant's agreement.

On January 25, 2005, the Court excluded the period from January 25 to the date of the trial which was then scheduled for April 10, 2006.  Electronic Order dated January 25, 2006.  On March 9, 2006, a Grand Jury returned a Superceding Indictment in this case.  Boyd was then arraigned on this new indictment on April 3, 2006, when the Court held a further status conference on his case.

Boyd raises several issues in his Opposition.  First, he appears to contend that, to the extent that the May 17, 2005 Order was retroactive, i.e. that it excluded the period from March 7, 2005 to May 17, 2005, it was improper.  Body does not, however, directly challenge that portion of the Order.  See Opposition at pg. 2, n. * ("There is a question as to whether the Court can

make retroactive end of justice findings"). The Court did exclude the time, for the reasons set forth in the May 17, 2005 Order, with Defendant's assent; accordingly, the time has been excluded. Counsel indicates the has ordered the transcripts of this and the other status conferences. If, in fact, the transcripts establish that defendant did not assent, then, of course, the defendant may seek reconsideration.

Second, Boyd contests the exclusion of time from May 17, 2005 until October 3, 2005, on the grounds that "no reason [was] given for the exclusion" other than "the interests of justice." Opposition at pg. 2. The Orders cited above, however, do state the basis for the application of the "interests of justice" exclusion, with specific reference to the case, as well as the agreement of the parties to the exclusion.

Third, Boyd challenges the exclusion of the period from January 25 to April 10, 2006 on the grounds that no one was "advised of the possibility of a Superceding Indictment" when the April 10th trial date was established on January 25th with the intervening time excluded. To the extent that Boyd wishes to challenge the Order entered by the District Judge, he must file a Motion for Reconsideration with the District Judge, rather than raise his objections in an Opposition to the pending Motion which addresses a different time period.

Fourth, Boyd contests the exclusion of the time from April 10 to the next status conference on May 6, 2006. The Court hereby ORDERS the period of time from April 3, 2006 (when the United States filed the pending Motion) until April 24, 2006 (the date of decision on the Motion) excluded under 18 U.S.C. § 3161(h)(1)(F).

The Court hereby ORDERS the period of time from April 3, 2006 (the date of Boyd's arraignment) until May 6, 2006 (the date of the next status conference) excluded, because Boyd is joined for trial with co-defendants, including at least one of whom became a defendant in this case only upon the filing of the Superceding Indictment. 18 U.S.C. § 3161(h)(7). The new

defendant requires time for discovery and trial preparation, and no Motion for severance has been granted. For this same reason, the Court also finds that this period of time is excludable in the interests of justice and, therefore, ORDERS it excluded on that basis as well.

Date: April 24, 2006

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge