UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

v.                                             Criminal Case: 05-10037-GAO

GRANT BOYD

Defendant's memorandum of law in support of temporary restraining order and preliminary injunction

STATEMENT OF CASE:

The defendant now comes before the Court to ask the Court to admonish the Government and its contractor the Massachusetts Department of Corrections or in the alternative to seek a temporary restraining order and preliminary injunction to stop the Massachusetts Department of Corrections from interfering with the defendants outbound legal mail to his criminal lawyers, US Marshals Service and this Court.

STATEMENT OF FACTS:

As stated in the declaration and supporting exhibits submitted with this motion, the defendant has had his outbound legal mail tampered with, withheld and refused by employees of the Massachusetts DOC. Additionally, DOC Officials have refused to investigate or take corrective action after becoming aware of the violations and have allowed them to continue in violation of DOC Policy, State and Federal laws, as well as Constitutional protections.

ARGUEMENT

POINT 1 - Defendant is entitled to a TRO & Preliminary Injunction

In determining whether a party is entitled to a TRO and Preliminary Injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the

merts, and the public interest. Each of these factors favors the grant of this motion.

A. The defendant is threatened with irreparable harm.

The defendant alleges that DOC Officials have systematically refused to deliver or in other ways have interfered with his outbound legal mail to his defense counsel, US Federal Court and US Government officials. Such conduct by prison officials is a clear violation of policy, state and federal laws as well as his First, Sixth and Fourteenth Amendment protections. Deliberate conduct to impede mail delivery is unconstitutional. Pacheco v. Comisse, 897 F.Supp 671. Since outbound mail to lawyers and to the US Marshals Service is unlikely to contain contraband, courts have held that it may not be opened and it may be sealed closed. Davidson v. Scully 694 F.2d 50 (2nd Cir 1982); see also US Department of Justice Federal Standards for prisons § 12.07 (1980). The Supreme Court has instructed that when a prison regulation impinges on inmate's constitutional rights, the regulation or policy is only valid if it is reasonably related to legitimate peonological interests. Turner v. Safley 482 US 78, 89. There is no legitimate peonological reason for the MCI Cedar Junction Mail Officer, to be tampering with, opening, misdirecting or refusing to deliver the defendant's outbound legal mail to his defense counsel or the US Federal Court. However, if such a reason exists the Government should be required to justify that reason to this Court at a hearing to show cause.

As a matter of law, the continuing deprivation of constitutional rights constitues irreparable harm. <u>Elrod v. Burns</u> 427 US 347, 373. This principal has been applied in prison litigation generally. see <u>Newsom v. Norris</u> 888 F.2d 371, 378 (6th Cir 1989); <u>Mitchell v. Cuomo</u> 748 F.2d 804, 806 (2nd Cir 1984); <u>Albro v. County of Onodago</u> 627 F.Supp 1280, 1287 (N.D.III. 1986), aff'd 851 F.2d 867 (7th Cir. 1988), Cert. denied, 109 S.Ct 879 (1989).

In addition, the defendant is threatened with irreparable harm because of the nature of the violations, the systematic interfering and tamperin gwith privileged communication and protected legal mail in general, all of which has had negative effects on his criminal defense and his ability to challenge conditions of his confinement.

B. The balance of hardships favors the defendant

In deciding whether to grant a TRO and preliminary injunction, courts ask whether the suffering of the moving party if the motion is denied will outweigh th suffering of the non-moving party if the motion is granted. See, E.g., <u>Mitchell v. Cuomo</u>, 748 F.2d 804, 808 (2nd Cir 1984)

In this case, the damage to the defendant's criminal defense is substantial, his ability to effectively communicate in confidence and under privilege with is defense counsel has been and continues to be in question. The actions of the DOC are in violation of DOC policy and clearly established state and federal laws. Deliberately interfering with the mail is unconstitutional. Pacheco v. Comisse 897 F.Supp 671.

The suffering of the Government and its contractor at the DOC will be minimal because the granting of this motion will only require the DOC to process the defendant's legal mail according to DOC policy (103 CMR § 481), their hardships should be nothing more then business as usual.

C.  The defendant is likely to succeed on the merits.

As noted above in section A, what the Government and their contractor have done is to "intentionally interfere" with the lawful mailing of protected communications. Specifically the Supreme Court said, any deliberate conduct to impede mail delivery is unconstitutional, this is especially true of legal mail. Additionally the courts have ruled that it is very unlikely that outbound legal mail to US Government officials and defense lawyers will contain contraband, prison officials have no legitimate reason to interfere with or open mail so addressed. Furthermore, the defendant has well documented the examples of unconstitutional actions which have been committed by DOC officials and as such the defendant believes DOC officials will fail to meet their burden of showing that their actions are supported by a legitimate peonological interest. <u>Turner</u> Id

D. The relief sought will serve the public interests.

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. <u>Duran v. Anaya</u>, 642 F.Supp 510 527 (D.N.M. 1986) ("Respect for law, particularly by officials responsible for the administration of the state's correctional

system, is in itself a matter of the highest public interest.") see also <u>Llewelyn v. Oakland County Prosecutor's Office</u>, 402 F.Supp. 1379, 1393 (E.D.Mich. 1975) ("the Constitution is the ultimate expression of the public interest.")

E. Prison Litigation Reform Act

As of August 24, 2005 the defendant exhausted the remedies available and did officially notify the DOC Officials, however no corrective action has been taken to stop th violations from occuring. As such, the defendant has met his burden under this act.

## CONCLUSION

In view of the serious injury confronting the defendant and his criminal defense, related to the systematice interfering and mail tampering he is suffering at the hands of the Government and its contractor the Massachusetts Department of Corrections, the Court should grant this motion in its entirety.

Respectfully Submitted,

Grant Boyd, A93192
MCI - Cedar Junction
PO Box 100
S. Walpole, MA 02071

August 6, 2006

US Federal Court
1 Courthouse Way
Boston, MA 02210

RE: US v. Grant Boyd
    05-10037-GAO

FILED
IN CLERKS OFFICE

2006 AUG 14  P 4: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

Dear Honorable Judge O'Toole:

   The defendant, Grant Boyd, pleads with the Court to admonish the Government and its contractor the Massachusetts Department of Corrections for tampering and interfering with, opening or otherwise refusing to process the defendant's outbound legal mail to his defense counsel, the US Marshals Service and the US Federal Court, and if needed to issue a temporary restraining order and preliminary injunction preventing the above behavior should it continue uncorrected.

   The defendant has expierenced numerous violations of his right to send privileged legal mail all of which was postage pre-paid and properly marked, the defendant has exhausted all of the internal grievance procedures available at the Massachusetts DOC and has requested assistance, unsuccessfully from the US Marshals Service, US Attorney's Office, Postal Service and the Federal Bureau of Investigations.

   The defendant prays that the Court will grant his request before more damage is done to his criminal defense, to that end he has enclosed a declaration of facts with exhibits in support of his request along with a memorandum of law.

                                        Respectfully Submitted,

                                        Grant Boyd, A93192
                                        PO Box 100
                                        S. Walpole, MA 02071

DECLARATION OF GRANT BOYD
in Criminal Case 05-10037-GAO

I, Grant Boyd, declare under penalty of perjury:

1. On at least 15 occations, known to me, the Government's contractor, the Mass. Department of Corrections, has tampered with, opened, withheld or otherwise refused to process postage pre-paid and properly marked legal mail that was sent to me by my lawyers; and sent by me to the US Federal Court, US Marshals Service and my defense counsel.

2. I honestly believe the Government is involved with the mail tampering as was noted in a letter to my attorney earlier this year. (see Exhibit A)

3. I have exhausted all of the internal administrative grievance procedures available at the Mass. DOC and also tried to get assistance from the US Marshals Service, US Attorney's Office, US Postal Service and the FBI, without reply. (see Exhibit B)

4. I honestly believe I cannot effectively or in confidence communicate under privilege with my defense counsel and my criminal defense has suffered from this ineffective communication.

5. I have on every occation processed my legal mail in accordance with the Code of Massachusetts Regulations Chapter 103 Section 481 "Inmate Mail Regulations."

Signed under the pain and penalty of perjury,

_____     _____
Grant Boyd                    Date

Attorney Ron Richards
PO BOx 11480
Beverly Hills CA 90213

RE: US v. Boyd          COPY          ATTORNEY-CLIENT CONFIDENTIAL

Dear Ron:

I have had problems at Walpole ███████████████████
███████████████████████

My legal mail, outbound, to my lawyers (you, Peter and Stacey), US Federal Court and the US Marshals Service has been withheld, misdirected, refused or just not processed in violation of the Code of Massachusetts Regulations, Chapter 103 § 481, 18 USC §§ 1701 & 1703 resulting in my 6th amendment rights being violated by the Government.

I honestly beleive all of my legal mail is suspect! I dont know what has been opened and read and delivered or just not delivered. I actually have documented proof of them withholding and interfering with my legal mail, since March 2005. Please keep in mind it is hard for inmates to document sent mail as the DOC does not issue mail receipts.

When I was indigent (without money in my inmate account) they refused to process my legal mail, see affidavit dated August 24, 2004 attached.

On August 11, 2005 mail I sent to the US Federal Court, US Attorney and you was not processed by the DOC, it just vanished. See notarized mail receipt enclosed in August 24 affidavit.

On December 19, 2005 Legal mail to the USMS was notarized as received by a DOC Employee yet it was retruned to me on December 28 as rejected because it was sealed with adhesive

tape, why would they object ot sealing the envelope closed and why was it held so long without being returned?

On December 28 legal mail to my attorney was refused and retruned with the USMS letter stating adhesive strips are not allowed to be used to seal mail, yet according to the Code of Massachusetts regulations, Chapter 103 which governs the DOC, no such restriction exists. See attached affidavit dated 12/28/05.

On December 29 letters to my attorneys and the USMS was rejected again and retruned on December 30. I then spoke with a Deputy Superintendent who said I was not allowed to seal my legal mail.

The DOC is an agency of the State Police and the State Police employs trooper Sean Murray the FBI/DEA case agent in my case. Trooper Murray had conversations with DOC Officers at Walpole about my confinement, as was told to me by a DOC Correctional Officer in September 2005, reported to Peter by me.

The US Attorney has been concerned with my relationship with my California Defense Attorney as was exhibited by the special hearing that was held into who paid for your services.

It is my honest belief given the above facts that the DOC has been providing the Government with the contents of my priviliged communications. The governments interest, Trooper Murray's conversations and the tampering of my legal mail offers no other conclution. Why would the DOC interfere with my legal mail and object to the fact that I seal my legal mail closed in such a way that makes tampering difficult and reject that legal mail if it is sealed?

As you know, the courts have ruled that confidential

communications with counsel is only accomplished in jail via First Class mail, since phone calls can be heard by others. Yet the Government has through their actions made all of my legal communications suspect. Without getting into my beliefs the simple fact that my legal mail was tampered with violates my Sixth Amendment right to freely communicate with my counsel, as well as Massachusetts and Federal Laws. ████████████████████████. How can I have any confidence in ensuring my communication with my attorney is confidential when the DOC tampers with, refuses, withholds or fails to deliver my legal mail?

Respectfully Submitted,

Grant A Boyd, A93192
PO Box 100
S Walpole, MA 02071

January 11, 2006



Department of Corrections
Kathleen Dennehy, Commissioner
50 Maple Street, Suite 3
Milford, MA 01757-3696

RE: Assistance needed to resolve issues at MCI Cedar Junction regarding mail tampering.

Enclosed is an appeal letter I wrote to Superintendent Marshall regarding a denied grievance. I do not understand the reasoning behind this policy, I have talked with DOC Staff who have worked in DOC Mail Room facilities and they agree with my issues and concerns.

Can you assist me in resolving this issue so I can withdraw my request for criminal charges against Gary Hebda for violating 103 CMR 481, 18 USC §§ 1701, 1702, 1703. My grievance was not investigated well and the decision reached is not valid given the facts. This is a reoccuring violation not only with my legal mail but from what I understand other inmates as well.

In May, August and again in December I have asked for corrective action to stop the violations that are occuring, without any luck. I know this cannot be an informal policy of the DOC but when an agency fails to take corrective action it can be considered an official policy of the agency.

Please, can you assist me in stopping the violations of my right to communicate with my attorney and send legal mail in general.

Respectfully Submitted,

Grant Boyd, A93192
PO Box 100
S. Walpole, MA 02071

Gerald M. Auerbach
USMS - DOJ
Washington DC 20530-1000

RE: Boyd v. Austin  05-10873-RWZ

I bring to your attention violations that are occurring at the Massachusetts DOC MCI - Cedar Junction so that you may direct my complaint to the correct office.

The officials have not investigated my complaint and have taken no corrective actions. My outbound legal mail has been interfered with, misdirected, withheld or just not processed in violation of 18 USC § 1701, 1703 as well as the DOC own policy 103 CMR 481. This mail includes mail sent to your office, US Federal Court, my criminal attorney and other protected mail addressees.

I am turning to your office for assistance. I am a Federal Detainee being housed at MCI-Cedar Junction a 3rd party contractor of the USMS.

Respectfully Submitted 12/29/05

Grant Boyd, Pro-se

Grant Boyd A93192
PO Box 100
S. Walpole MA 02071