**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

United States of America,

|                    |   |                        |
|--------------------|---|------------------------|
|                    | ) |                        |
|                    | ) |                        |
| **Plaintiff,**     | ) | **CRIMINAL ACTION**    |
|                    | ) | **CASE NO.  05-10037-GAO** |
| **v.**             | ) |                        |
|                    | ) |                        |
| **Grand Boyd,**    | ) |                        |
|                    | ) |                        |
| **Defendant.**     | ) |                        |
|                    | ) | **REQUEST FOR HEARING** |

**DEFENDANT BOYD'S MOTION FOR SEVERANCE AND**
**INCORPORATED MEMORANDUM OF LAW**

**INTRODUCTION**

Grant Boyd was arrested on December 31, 2004.  Grant Boyd signed a proffer agreement on January 4, 2005.  He attended over a dozen proffer sessions.  The government superseded and added additional defendants based upon his debriefings.  The government is currently charging the defendant in a conspiracy through March 31, 2006.  The defendant has cooperated with the government since January 4, 2005.  The government cannot charge one of its own agents with a conspiracy that covers the same period the defendant was in custody and cooperating with the government.  A severance is warranted as the indictment is a legal nullity.  Finally, Mr. Boyd's own debriefings would prejudice the other defendants as they would incriminate them.  The government has created this legal mix up and the Court needs to sever Mr. Boyd in order to fix it.

## APPLICABLE LAW

In *Zafiro v. United States,* 506 U.S. 534, 113 S.Ct. 933, (1993), the Supreme Court stated that a joint trial in the case of antagonistic defenses violates a defendant's constitutional due process rights only if it compromises a specific trial right of the defendant or if it prevents the jury from making a reliable judgment about guilt or innocence.  *(See Zafiro,* 506 U.S. at 539, 113 S.Ct. 933 (1993), (elaborating a severance might be required where evidence is admitted that is probative of a defendant's guilt but admissible only against a codefendant, or where evidence that tends to exculpate a defendant is excluded because of the presence of a codefendant.))

In this case, the government wants Mr. Boyd to be a joined defendant in a conspiracy that is alleged to have been completed on March 31, 2006.  They have alleged this even though they know that it was legally impossible for Mr. Boyd to have been a member of that conspiracy since January 4, 2005.  It is prejudicial to have Mr. Boyd be joined with the new defendants in this case.

/s Ronald N. Richards, Esq.

_____

Ronald Richards and Associates
Ronald Richards, Esq. SB#176246
P.O. Box 11480
Beverly Hills, CA 90213
310-556-1001 Office
310-277-3325 Fax

Peter Charles Horstmann, Esquire
BBO # 556377
PARTRIDGE, ANKNER & HORSTMANN LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 859-9999

**<u>CERTIFICATE OF SERVICE</u>**

    I, Peter Charles Horstmann, hereby certify that on this 10th day of October, 2006, a copy of the foregoing motion was electronically served upon Nancy Rue, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire