IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **United States of America,** | ) |
| | ) |
| **Plaintiff,** | ) CRIMINAL ACTION |
| | ) CASE NO. 05-10037-GAO |
| v. | ) |
| | ) |
| **Grand Boyd,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) REQUEST FOR HEARING |

## MOTION TO DISMISS INDICTMENT FOR SPEEDY TRIAL VIOLATION AND INCORPORATED MEMORANDUM OF LAW

### INTRODUCTION

The defendant was not brought to trial within 70 days and the excludable time calculations are in error. The defendant has not agreed to any waiver of the excludable time; thus, he is requesting that the Court calculate the period as required by law.

### APPLICABLE LAW

### THE DEFENDANT HAS ITS OWN CLOCK SET FORTH BELOW

Arraignment: March 17, 2005

Retroactive Excludable time findings: On May 17, 2005, court makes retroactive excludable time findings back to March 17, 2005, then forward to July 12, 2005. There is a question as to whether the Court can make retroactive ends of justice findings when they have to be made contemporaneously. (Potentially 64 days elapsed)

> July 12, 2005: The Court orders excludable time through August 9, 2005.
> August 9, 2005: The Court orders excludable time through September 14, 2005.

1

      September 15, 2005 through October 2, 2005          (17 days elapsed)
      October 3, 2005: Motion to suppress filed
      December 9, 2005 to January 9, 2005: hearing held, then 30 days motion under advisement.
      February 8, 2006: Motion denied          (30 days elapsed)
      February 9, to February 14, 2005          (5 days elapsed)
      February 15, 2006: Filed motion to reconsider
      March 16: New clock ticking
      March 24, 2006: Order denying motion for reconsideration
      March 16, 2006 to April 9, 2006          (23 days elapsed)

April 10, 2006 to May 2, 2006 is government's proposed excludable delay to which the defendant objected. The other defendants at the time did not qualify nor did they seek excludable time. The government cited 18 USC 3161(h)(7) to support excludable time as to Mr. Boyd due to the carry over provision. However, there was no motion pending to support the excludable time from the period once no motion was pending.

Recently, in *Zedner v. United States* 126 S.Ct. 1976, 1990 (U.S., 2006) the Supreme Court made it clear that Congress, knowing that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured, saw a danger that such continuances could get out of hand and subvert the Act's detailed scheme. The Court held that the strategy of § 3161(h)(8), then, is to counteract substantive open-endess with procedural strictness. This provision demands on-the-record findings and specifies in some detail certain factors that a judge must consider in making those findings. The Court concluded that when a district court makes no findings on the record in support of an § 3161(h)(8) continuance, harmless-error review is not appropriate.

In this case, there were no specific findings as to many of the continuances. It would be a subversion of justice if the government now invited the Court to go back and try to retroactively create something it did not do a year ago.

WHEREFORE, the Indictment should be dismissed.

Respectfully Submitted,

/s Ronald N. Richards, Esq.

_____

Ronald Richards and Associates

Ronald Richards, Esq. SB#176246

P.O. Box 11480
Beverly Hills, CA 90213

310-556-1001 Office

310-277-3325 Fax

Peter Charles Horstmann, Esquire

BBO # 556377

PARTRIDGE, ANKNER & HORSTMANN LLP

200 Berkeley Street, 16th Floor

Boston, MA 02116

(617) 859-9999

### CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, hereby certify that on this 10th day of October, 2006, a copy of the foregoing motion was electronically served upon Nancy Rue, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire