**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

United States of America,

|  |  |
|---|---|
| | ) |
| | ) |
| Plaintiff, | ) CRIMINAL ACTION |
| | ) CASE NO.  05-10037-GAO |
| v. | ) |
| | ) |
| Grand Boyd, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION FOR HEARING ON GOVERNMENT'S FAILURE**
**TO FILE A 5K1.1 MOTION OR OFFER IT IN A PLEA AGREEMENT AND**
**SUPPORTING MEMORANDUM OF LAW**

**INTRODUCTION**

Grant Boyd signed a proffer agreement on January 4, 2005.  He attended over a dozen proffer sessions.  The government superseded and added defendants based upon his debriefings.  The government has refused to offer or file a 5K1.1 in bad faith.  In both Mr. Horstman and Mr. Richard's legal careers, they have never had a client be this cooperative and have the government refuse to provide any 5K1.1.

The government instead wanted to file a possible Rule 35 after he pleaded to a 20 year sentence. This of course is unacceptable. A separate motion for vindictive prosecution is being filed concurrently with this motion.

**APPLICABLE LAW**

Under § 5K1.1, a district court may depart downward "upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense[.]"  The government must determine at sentencing whether a defendant has provided substantial assistance up to that date to warrant a § 5K1.1 motion, **and it cannot defer its decision to a later date**.  (See *United States v. Drown*, 942 F.2d 55, 59 & n. 7 (1st Cir. 1991).)

In *Drown*, the First Circuit explained that, by deciding to postpone its evaluation of the defendant's assistance until after sentencing when the defendant's cooperation was complete, the **government misinterpreted** the purpose of a § 5K1.1 motion.  (Id. at 59.)  The government "improperly merged the temporal boundaries established in [ § ] 5K1.1 and [Rule 35(b) of the Federal Rules of Criminal Procedure]."  (Id.)  A § 5K1.1 motion rewards a defendant for his assistance **prior to** sentencing, whereas a Rule 35(b) motion rewards a defendant for post-sentencing assistance.  (Id.)  The possibility of Rule 35(b) relief in the future **cannot influence** the government or the district court's decision at sentencing about § 5K1.1 relief.  (Id.)

As in *Drown*, in *United States v. Quach*, 302 F.3d 1096, 1102 (9th Cir., 2002), the government wanted to postpone its decision to move for a downward departure for the defendant's substantial assistance.  It explained to the district court that defendant's "cooperation is not complete unless and until the [fugitive's] case has been finalized."  The government informed the district court that it would make the motion later "in the form of a Rule 35."  The 9th Circuit held that the government was required to make a "good faith evaluation" of the defendant's assistance **up to the date of sentencing** and to determine whether it warranted a § 5K1.1 motion.  (Id. at 59 n. 7.)

In this case, the government has made an evaluation, but the defense respectfully disagrees with its conclusions. It is not consistent with other defendants in this District who have provided information that have led to the **arrest and prosecution of two new individuals.** The defense proffers other plea agreements in its possession for similar cooperation with a greater departure recommendation.

In *United States v. Awad*, 371 F.3d 583, 588-589 (9th Cir., 2004) the Court held that *Quach* and *Drown* control Awad's case. The only difference between Awad's predicament and Drown's was that a partial 5K1.1 motion was filed which did not include all of Awad's cooperation. The *Awad* court stated that this was legally insignificant as to the partial 5K1.1 motion. In *Awad*, the USAO for the Central District made a § 5K1.1 motion based on a portion of Awad's cooperation, but refused to evaluate the significant and "much more helpful" remainder of Awad's assistance. *Awad* is distinguished from *Drown*, where in the latter, the prosecutor made no motion at all. In both cases, the government's refusal to evaluate, and the court's willingness to impose sentencing anyway, stemmed from the same "grave misconception" of the scope of Rule 35(b). (See *Awad* at 589.) Here, as in *Awad* and *Drown*, the 9th Circuit is clear: "the government may not defer a determination as to the substantiality of a defendant's assistance on the ground that it would be premature to make such a judgment." *(Drown*, 942 F.2d at 59 n.7./*Awad* at 589.)

In this case, Mr. Boyd is being penalized for preserving his suppression issue and any other rights of his that should and have been properly asserted. He is entitled to a benefit of his

cooperation now, and an evidentiary hearing in front of this Court will easily show that Mr. Boyd

did in fact provide substantial assistance.

/s Ronald N. Richards, Esq.

_____

Ronald Richards and Associates
Ronald Richards, Esq. SB#176246
P.O. Box 11480
Beverly Hills, CA 90213
310-556-1001 Office
310-277-3325 Fax

Peter Charles Horstmann, Esquire
BBO # 556377
PARTRIDGE, ANKNER & HORSTMANN LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, hereby certify that on this 10th day of October, 2006, a copy of the foregoing motion was electronically served  upon Nancy Rue, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire