```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA** )
                                        )
    v.                             )
                                       )   No. 05-10037-GAO
**GRANT BOYD,** )
                                       )
    **Defendants.** )
                                       )

**GOVERNMENT'S OPPOSITION TO GRANT BOYD'S
<u>MOTION REGARDING 851 INFORMATION REGARDING PRIOR CONVICTIONS</u>**

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U.S. Attorney Nancy Rue, respectfully opposes defendant Grant Boyd's motion regarding the government's filing, pursuant to 21 U.S.C. § 851, of an Information notifying defendant of the government's intention to seek enhanced penalties based on Grant Boyd's prior drug crime.[1]

To be effective under Section 851, an information must be filed "before trial, or before entry of a plea of guilty." 21 U.S.C. § 851. These timing requirements are, according to the First Circuit, straightforward. <u>Prou v. United States</u>, 199 F.3d 37, 48 (1st Cir. 1999). Under that precedent, echoing the clear terms of the statute, the Court asserted:

> Section 851(a)(1) straightforwardly declares that no drug offender shall be exposed to an automatic increase in punishment by reason of a prior conviction unless the government, before trial, files an information with

---

[1] The government previously responded to numerous claims that defendant had made in motions to sever and to dismiss. Because Defendant's claims were related, the government responded in a single filing. In the defendant's "Reply Brief," Defendant for the first time asserts that the filing of the 851 is improper. This filing responds to that contention.

> the court identifying the conviction(s) upon which it relies. At the time the petitioner's case went forward, it was well-settled (as the government concedes) that "trial," as that term is used in section 851(a)(1), includes jury selection. See <u>United States v. Rice</u>, 43 F.3d 601, 604 (11th Cir.1995); <u>Kelly</u>, 29 F.3d at 1110; <u>United States v. Gonzalez-Lerma</u>, 14 F.3d 1479, 1484 (10th Cir.1994); <u>United States v. White</u>, 980 F.2d 836, 840-42 (2d Cir.1992); <u>Johnson</u>, 944 F.2d at 406-07; <u>United States v. Jordan</u>, 810 F.2d 262, 268-69 (D.C.Cir.1987); <u>see also</u> <u>United States v. Cartagena-Carrasquillo</u>, 70 F.3d 706, 715 (1st Cir.1995) (holding to like effect shortly after Prou was sentenced).

<u>Prou</u>, 199 F.3d at 48. Applying the clear terms of the statute, the First Circuit has held that a notice filed a day before jury selection begun was timely. <u>United States v. Cartagena-Carrasquillo</u>, 70 F.3d 706, 715 (1st Cir. 1995).

These holdings underscore the purpose of the Information, which is to provide a defendant with "adequate time to make a fully informed decision to plead or stand trial." <u>Prou</u>, 199 F.3d at 47. In this case, defendant Boyd received the Information on February 26, 2006, more than nine months before the trial date as currently scheduled. This is certainly adequate time to make a decision whether or not to proceed with trial.

Defendant Boyd seems to believe that by filing a motion to suppress before the government had filed the 851 Information, he effectively modified the government's statutory deadline for filing the 851 notice or mooted its opportunity to make that filing. There is no support in the record or the law for defendant's position. The statute vests the discretion to file an 851 information "in the Executive Branch." <u>Prou</u>, 199 F.3d at 46.

Finally, defendant asserts that the government's filing was vindictive and that the government has "doubled" Boyd's exposure.

The government notes that the record itself contradicts this. First, the defendant's maximum statutory exposure is, and has been from the beginning, life.  As to the mandatory minimum, defendant has been apprised throughout the course of this prosecution that his minimum mandatory sentence was twenty years. This was stated at the initial appearance and at every arraignment.  Defendant's own documents show that he knew that his sentencing range was "20- life."  See Docket Entry 110, Exhibit 6, final page.

For the reasons set forth above, the defendant's motion to strike the government's filing under 21 U.S.C. § 851 has no merit, and the government respectfully submits that the motion should be denied.

>                      Respectfully submitted,
>
>                      MICHAEL J. SULLIVAN
>                      United States Attorney
>
>              By:     /s/ Nancy Rue
>                      NANCY RUE
>                      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

|  |  |
|---|---|
|  | /s/ Nancy Rue |
|  | Nancy Rue |
| Date: November 6, 2006 | Assistant United States Attorney |