

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 20, 2006

Peter C. Horstmann, Esquire
200 Berkeley Street, 16th Floor
Boston, MA 02216

    Re:    <u>United States v. Grant Boyd</u>
            Criminal No. 05-10037-GAO

Dear Mr. Horstmann:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Grant A. Boyd ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date ~~but in no event later than April 3, 2006~~, Defendant shall plead guilty to the following counts of the above-captioned Superseding Indictment:

    Count 1:    Possession Of Methamphetamine With Intent To Distribute, in violation of 21 U.S.C. § 841(a)(1);

    Count 2:    Conspiracy To Distribute Methamphetamine, in violation of 21 U.S.C. § 846; and,

    Count 3:    Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h).

Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts 1, 2 and 3 of the Superseding Indictment, and is in fact guilty of those offenses.

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 2


2.  **Penalties**

Defendant faces the following minimum mandatory and maximum penalties:

Counts 1&2:  A maximum of life imprisonment and a mandatory minimum of 20 years' imprisonment, to be followed by a term of supervised release of at least 10 years and up to life, a fine of up to $8,000,000, and a $100 special assessment, for each Count;

Count 3:  A maximum of 20 years' imprisonment, to be followed by a term of supervised release of up to three years, a fine of up to $500,000, and a $100 special assessment.

Forfeiture to the extent charged in the Superseding Indictment, as specified below.

3.  **Sentencing Guidelines**

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree to take the position that Boyd is responsible for the equivalent of at least 10,000 but less than 30,000 kilograms of marijuana, for a base offense level under U.S.S.G. § 2D1.1 of 36. The parties further agree to take the position that no victim-related adjustments, role in the offense adjustments or obstruction adjustments, as set forth in Parts A, B and C of the Chapter 3 of the Guidelines, are applicable to this Defendant.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 3


United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)  Fails to admit a complete factual basis for the plea;

    (b)  Fails to truthfully admit his conduct in the offenses of conviction;

    (c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)  Fails to provide truthful information about his financial status;

    (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)  Intentionally fails to appear in Court or violates any condition of release;

    (h)  Commits a crime;

    (i)  Transfers any asset protected under any provision

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 4

        of this Agreement; and/or

       (j)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

    4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

       (a)    Incarceration or other confinement within the applicable Guideline Sentencing Range, but not below the applicable minimum mandatory sentence of twenty years;

       (b)    A fine within the applicable fine range, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

       (c)    Forfeiture as set forth in paragraph 9;

       (d)    A mandatory special assessment of $300; and

       (f)    A term of supervised release of 10 years.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 5

least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine and/or forfeiture ordered by the Court at sentencing is satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 6

reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, except the District Court Order denying Defendant's pretrial suppression motion, which appeal is specifically preserved by this Agreement; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect. This waiver shall also not apply to Defendant's appeal of the District Court's denial of Defendant's motion to suppress evidence, which appeal is specifically preserved by this Agreement.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 7

parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. <u>Forfeiture</u>

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. §853 and 18 U.S.C. §982 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following:

$54,223 in United States currency, seized from Grant Boyd a.k.a. Mark Martin, at the Nine Zero Hotel, 90 Tremont Street Boston, Massachusetts, on or about December 31, 2004.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute or are derived from proceeds that the Defendant obtained directly or indirectly as a result of the charged offenses and/or represent property used or intended to be used in any manner or part to commit and facilitate the commission of the offenses, as charged in Counts 1 and 2 and/or represent the money or other property that was the subject of each money laundering violation, commissions, fees and other property constituting proceeds obtained as a result of those violations, property used in any manner or part to commit or to facilitate the commision of those violation and/or a sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, as charged in Count 3.

Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering,

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 8

returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney and, as applicable, the U.S. Marshals Service, the Federal Bureau of Investigation, and the U.S. Drug Enforcement Administration to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to withdrawing any claims filed for the forfeitable assets, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the Superseding Indictment.

   Defendant hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Defendant cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

   In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Defendant currently has any legal or beneficial interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from August 2004 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 9

　　　Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

　　　In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

　　　Defendant further agrees to waive all interest in any asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

　　　The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

　　　Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

　　　10.　Information For Presentence Report

　　　Defendant agrees to provide all information requested by the

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 10


U.S. Probation Office concerning his assets.

11. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated January 4, 2005, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 11


    14.   <u>Complete Agreement</u>

    This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated January 4, 2005. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated January 4, 2005. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Nancy Rue.

                                    Very truly yours,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                By:        _____
                                    LAURA J. KAPLAN, Chief
                                    Violent & Organized Crime
                                    Section

                                    NANCY RUE
                                    Assistant U.S. Attorney

Peter C. Horstmann, Esquire
United States v. Grant Boyd
Criminal No. 05-10037-GAO
March 20, 2006
page 12

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Grant Boyd
Defendant

Date: 12/7/06

I certify that Grant Boyd has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Peter C. Horstmann, Esq.
Attorney for Defendant

Date: 12/7/06