UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-10037-GAO |
| ) | |
| GRANT BOYD, et al., ) | |
| Defendant. ) | |

### PRELIMINARY ORDER OF FORFEITURE

**O'TOOLE, D.J.**,

WHEREAS, on May 11, 2006, a federal grand jury sitting in the District of Massachusetts returned a three-count Second Superseding Indictment charging defendant Grant Boyd (the "Defendant"), and others, with Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) (Count One); Conspiracy to Distribute, and to Possess With Intent to Distribute, Methamphetamine, in violation of 21 U.S.C. § 846 (Count Two); and Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) (Count Three);

WHEREAS, the Second Superseding Indictment contained a drug trafficking forfeiture allegation, which sought the forfeiture, upon conviction of the offenses alleged in Counts One and Two of the Second Superseding Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such violations; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, pursuant to 21 U.S.C. § 853;

WHEREAS, the Second Superseding Indictment also contained a money laundering forfeiture allegation, which sought the forfeiture, upon conviction of the offense alleged in Count Three of the Second Superseding Indictment, of all property, real and personal, involved in such offense, and all property traceable to such property, including, without limitation, approximately $450,000 in United States currency, pursuant to 18 U.S.C. § 982;

WHEREAS, the Second Superseding Indictment further provided that, if the property described in the drug trafficking and money laundering forfeiture allegations, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on or about June 2, 2006, the United States filed a Supplemental Bill of Particulars for Forfeiture of Assets, based on the forfeiture allegations of the Second Superseding Indictment, and specifically named $54,223.00 in United States Currency, seized from Grant Boyd, a/k/a Mark Martin, at the Nine

Zero Hotel, 90 Tremont Street, Boston, Massachusetts, on or about December 31, 2004 (the "Currency"), as directly forfeitable to the United States;

WHEREAS, on December 7, 2006, the Defendant pled guilty to all counts of the Second Superseding Indictment, pursuant to a written plea agreement he signed on December 7, 2006;

WHEREAS, the Defendant admitted in the plea agreement that the Currency was forfeitable, and agreed to forfeit the Currency to the United States; and

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets, in a value up to the value of the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, based upon the Defendant's guilty plea and admissions, that the government has established the requisite nexus between the Currency and the offenses to which the Defendant has pleaded guilty, and that the Currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 853.

2. If the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited

with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant's, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p).

    3.   The United States Marshals Service shall seize and hold the Currency in its secure custody and control.

    4.   Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Currency in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Currency and any additional facts supporting the

4

petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: July 27, 2007

GEORGE A. O'TOOLE, JR.
United States District Judge