UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA ) Criminal Case: 05-cr-10037-1-GAO
v. )
GRANT BOYD ) EMERGENCY MOTION
) FOR NEW COUNSEL

FILED
IN CLERKS OFFICE
2007 AUG 27 P 12: 13
U.S. DISTRICT COURT
DISTRICT OF MASS.

NOW COMES the Accused to move the Court for the appointment of new counsel. Enclosed is an affidavit in support of this motion.

This Court has a duty to ensure due process is protected and followed, and a duty to hold an inquiry into any potential conflict in the Attorney-Client relationship, a duty this Court elected to avoid when it decided to deny the October 12, 2005 (Docket no. 31) motion for new counsel without a hearing or opposition.

Now the US Probation Department raaises the issue of Attorney competence in its official written response to defense attorney's opposition to the PSR. This calls into question every aspect of this case from October 12, 2005 through present. The US Attorney's Office first raises an issue in July 2005, followed by the Judge Magistrate on September 14, 2005, then the accused on October 12, 2005 and the US Probation Department on June 27, 200[7], yet this Court is still delaying its decision to appoint new Counsel pursuant to the accused's motions. Additionally this Court is delaying or refusing to rule on Accused's attempts to prepare for sentencing without Counsel; Counsel has been wholly absent and non-responsive since midway through this case.

The Accused now asks the Court, What is his remedy?

Respectfully Submitted,

                             Without Prejudice/All Rights Reserved

                             /s/ Grant Allen Boyd    8/16/07
                             Grant Allen Boyd, Secured Party/Creditor
                             Authorized Representative and Attorney-
                             In-Fact in behalf of Defendent/Debtor:
                             GRANT BOYD (c), ENS LEGIS


I, certify that this document and the enclosed affidavit have been sent to the Attorney for the Government, postage pre-paid to the address of record.

                             28 USC 1746(1)

                                 8/16/07
Grant Allen Boyd   Date

Grant Allen Boyd
c/o PO Box 100
South Walpole, Massachusetts

August 16, 2007

United States District Court
Clerk of Courts
1 Courthouse Way
Boston, MA 02210

FILED
IN CLERKS OFFICE

2007 AUG 27  P 12: 13

U.S. DISTRICT COURT
DIST. OF MASS.

RE:  US v. GRANT BOYD
     05-10037-1-GAO

Dear Clerk:

   It was the Plaintiff, by and through the US Probation Department, that raised the issue of Defense Counsel's competency and ineffective assistance triggering potential Sixth and Fifth Amendment violations, and doing so in its official written response filed with the Court.
   After closer inspection and audit of Counsel's representation, problems have been found which I raise again with the Court. Please file the enclosed notice and incorporated motion for relief and an affidavit with negative averment with the Court.
   Defense Counsel has not been assisting me nor responding to my inquires in violation of contract and performance agreement (ABA RPC 1.8(f) & ER-4) and through their negliance and breach of agreement have effectivly withdrawn from representing me in this phase of the case. I file the enclosed without Counsel and ask that you respond with proof of filing to include any items filed by myself with the Court since July 5, 2007 (05-cr-10037-1).
   By my signature I certify that the enclosed has been mailed to the Attorney for the Government at the address on record.

       Respectfully Submitted,

                                    Without Prejudice/All Rights Reserved

                                    _____
                                    Grant Allen Boyod, Secured Party/Creditor
                                    Authorized Representative and Attorney-In
                                    Fact in behalf of Defendent/Debtor: GRANT
Encl. Affidavit                     BOYD ©, ENS LEGIS
     Notice of Fraud & Ineffective Assistance w/ motion
     EMERGENCY MOTION FOR NEW COUNSEL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )    Criminal Case: 05-cr-10037-1-GAO
                         )
v.                       )    NOTICE OF INEFFECTIVE ASSISTANCE
                         )    AND INCORPORATED MOTION FOR RELIEF
GRANT BOYD               )
                         )    FILED WITHOUT COUNSEL

    On June 27, 2007, the United States Probation Department, a division of the Administrative Office of the US Courts and Plaintiff, had officially taken the position on the record that Defense Counsel (hereinafter 'Attorney') is incompetent. In response, the Court argues that Attorney is competent but offers no proof or finding of fact. This raised two possible conclusions: first, that either the Court or Probation is not competent to state conclusions and facts in the instant case through some unknown bias (OR) second, that both Court and Probation are correct and Attorney is competent but not acting so in the instant case, which raises concern regarding potential conflicts that are placing Attorney's duty to client subordinate to other interests, responsiblities and duties resulting in ineffective assistance of Counsel.

    While auditing this prosecution to determine which conclusion is correct the accused found that Attorney did in fact have potential conflict, conflicts known to Court and Attorney but NOT disclosed to accused by either nor was written consent obtained. The Court also failed to hold a hearing to inquire into a potential conflict when it was raised by the accused on October 12, 2005 (Docekt No. 31) in violation of legal and moral duty. The rush to prosecute should never trump individual due process and the Courts' duty to sit in an unbias and nuetral position, protections the Court has a duty to safeguard.

1 of 11

Counsel had a legal and moral duty to disclose any known potential conflict to accused and obtain written consent, a duty they elected to avoid. Court has the duty to inquire into portential conflicts when they are raised, a duty the Court elected to avoid. In electing to avoid duty and remain silent a fraud was committed. Additionally in committing fraud and not obtaining the fully informed consent of Client, the specific performance contract between Attorney and client becomes VOID, resulting in no representation in violation of accused's Sixth Amendment Right to effective assistance of Counsel and his Fifth Amendment Right to due process. This matter represents fraud and ineffective assistance and has resulted in extreme prejudice to the accused. Prejudice in the Attorney-Client relationship is reached when representation is ineffective and involves a fraud and Court turns a blind eye.

### ARGUEMENT

Starting in March 2005, shortly after the government indicted the accused for his 2004 arrest, concerns with Attorney's representation and advocacy began to materilize as accused's interests were not being protected throughout the early states of pre-trial process. Attorney's efforts were not focused nor effective in helping accused understand the issues or in protecting accused in this process and from the government's deceptions and duplicity. Attorney efforts seemed more beneficial to the government then accused. Attorney also stated he has never successfully litigated a suppression motion infront of Judge O'Toole, which either speaks for Attorney's ineffectivness or Court's bias.

On July 21, 2005 in response to filing an indigent law suit (CA:05-10873-RWZ) AUSA Nancy Rue noted concerns regarding who was paying retained Attorney, the Plaintiff believed it was an associate from California who possessed conflicting interests to that of the accused. It was posited by Plaintiff

that the Accused's Attorney lacked the moral and ethical constitution to resist a third party payor's interests; AND THAT Attorney could be motivated to act against the Accused by who ever was paying the Attorney's fees. This theory was used by the Plaintiff to obtain a hearing into the potential conflict, a theory the Court accepted as a reality when it granted the motion.

On September 14, 2005 a hearing was held by Magistrate Judge Sorokin (hereinafter 'Sorokin') into who was paying Attorney fees, it was determined to be a family member, however Sorokin did harbor reservations about other potential conflicts with Attorney and its effects on the accused's due process. The Court extended an unsolicited offer and an agreement was reached to appoint new Attorney should Accused have concerns in the future with Attorney's efforts and any proceived conflict. Subsequent to this agreement, accused, on October 12, 2005, accepted the Court's offer to appoint new counsel to cure a preceived conflict when accused was expierencing problems with existing Attorneys representation and advocacy. (Docket No. 31)

The District Court refused to act on Accused's motion until all existing pre-trial issues were litigated and lost, when on February 6, 2006, the Court denied Accused's motion without a hearing into the potential conflict nor any opposition from Plaintiff.

This delay and denial was a deliberate indifference to accused's concerns, due process and had resulted in the Court breaching its own agreement and dishonoring its offer. It is hard to say if new Counsel would have been more effective at litigating the suppression issue, but the Courts decision to delay and deny until after it was litigated places ~~the places~~ the issue on the table for review. The Plaintiff and this Court felt it was necessary to hold a hearing to explore the potential conflict, raised by Plaintiff, but felt it was unnecessary to disclose potential conflicts to accused NOR explore a potential conflict when it was raised by the Accused. This breach

of duty was selective (bias) and deliberatly indifferent to Accused's due process and resulted in failed litigation. Counsel had a legal duty to disclose potential conflicts and this Court had a duty to inquire into any potential conflict that was raised or known, duties both knowingly elected to disregard in violation of legal precident, oath of office and ABA Rules of Professional Conduct. (see ABA RPC, Rule 1.2(e), 1.8(f), ER-7, Rule 1.7(a) & (b), ER-5, ER-6, ER-7, ER-10; see also US v. Jiang 140 F.3d 124 (2nd Cir 1998); US v. Taylor, 139 F.3d 924 (DC Cir 1998)).

The US Attorney General has stipulated that Attorney committed fraud by not disclosing, as duty requires, these specific potential conflicts to accused. (see US v. Tweel 550 F.2d 297, 299-300; US v. Prudden, 323 F.2d 1021, 1032 n.24 (1970); See also attached affidavit). Even if conflict does not negatively effect the accused, the duty to disclose, obtain written consent and hold an inquiry still exists, duties ignored by Court and Attorney. Shortly after the Court's denial of Docket No. 31, the Plaintiff doubled Accused's liability, denied assistance credit, superseded the accused and coerced a guilty plea by threatening the use of proffered material out of context and in violation of agreements.

Having retained Attorney, accused had legitimate expectations of conflict free representation where Attorney's other duties and responsiblities/interests would not conflict without the informed written consent by client. In 2007 the accused had learned that Attorney had been paid by Plaintiff in excess of $73,000.00 for other services; that Attorney's first duty was to Plaintiff, Court and Society with client's interests wholy subordinate. (see US v. Frank 53 F.2d 128, 129, reversed on other grounds; US v. Loughlin, 57 F.2d 1080, reversed on other grounds; Pearse v. US 59 F.2d 518; IN RE Kelly, 243 F.2d 696, 705; and State v. Barto, 232 N.W. 553, 202 Wis 329 (in case of conflict between attorney's duty to client and that to Court, his duty to Court must

prevail.) These duties are not new, the prosecutor, judge and attorney all knew attorney's duty to client came last and failed to disclose that fact.

It was the Plaintiff that first raised concern with Attorney's moral and ethical constitution regarding the ability of Attorney to be influenced by a third payor, a theory the Court accepted when it granted the orgional hearing. The reason the accused elected to retain Counsel, instead of accepting appointed counsel, was to avoid this exact conflict and any preception the attorney may be influenced to act against the accused's interests by the Plaintiff who was paying his fees. This potential conflict should have been disclosed.

The proper measure of attorney performance remains simply reasonable under prevailing professional norms. Those norms are reflected in the American Bar Association (ABA) standards. Strickland v. Washington 466 US 688 (1984); see also Sanders v. Tatelle 21 F.3d 1446, 1460 (9th Cir 1994); Coleman v. Calderon 150 F.3d 1105 (9th Cir 1998)(citing Strickland).

ABA standards consist of ABA Rules of Professional Conduct ‖RPC) each of which are followed by Ethics Rules ‖ER) which specifically define that particulare RPC. 'Cannons of professional ethics must be enforced by the Courts and must be respected by members of the BAR if we are to maintain public confidence in the integrity and impartiality of the administration of justice.' IN RE Meeker 76 N.M. 354, 357, 414 P.2d 862, 864 (1996) appeal dismissed 383 US 499 (1997).

Ethic Rules are evidence of the scope of duties that a lawyer owes his client, Mirabiti v. Liccardo, 5 Cal Rptr 2d. 571 (ct.app.1998); and may be incorporated to show that lawyer breached his fiduciary duty to client, Walderman v. Levine 544 A.2d 693 (DC Cir 1998); for determining what standard of care is appropriate, Allen v. Lefkoff, Ducan, Grimes and Dermer, P.C., 453 S.E2d 719 (ga. 1995); to address specific harm client suffered, and lawyer

disciplinary rules may be quoted to same extent as statutes and ordinance in negligence case, Mayol v. Summers, Watson and Kimpel, 585 N.E.2d 1176 (Ill. App.Ct) appeal denied 596 N.E.2d 630 (Ill 1992); Court found a valid claim for relief based upon breach of common law fiduciary duty, using BAR Rules merely to provide some evidence of standard care, Sargent v. Buckley 697 A.2d 1272 (Me. 1997); "if [client] can demonstrate that diciplinary rule intended to protect one in his position, violation may be some evidence of lawyers negligence; expert 'properly could base his opinion on Attorney's failure to disciplinary rule;' rules are admissible evidence, on par with liquor laws, workers compensation, and building codes." Fishman v. Brooks 487 N.E.2d 1377, 1381-82 (Mass. 1996).

As noted earlier, in all criminal prosecutions the accused shall enjoy the right... to have assistance of Counsel for his defense, Glasser v. US, 315 US 60 (1942). 'Assistance of Counsel' is not the same as 'representation by Counsel', counsel does not mean the same thing as BAR licensed attorney, representation by a BAR licensed attorney requires the 'fully informed consent by both client and attorney and creates a specific performance contract between attorney and client' (ABA RPC 1.8(f) and ER-4). BAR attorneys have other duties and responsiblities that place duty to client last and that requires disclosure.

Accused had a legitimate expectation to conflict-free assistance from an attorney who accepted fees for services. To the extent the attorney could not place his duty to client first or client's interests ahead of <u>any</u> third party's or the attorney's interests, the Client should have been informed and written consent obtained, disclosure and consent never given.

A lawyer shall not represent a client if the representation will be directly advers to anyother client without each clients consent. ABA RPC 1.7(a)(1), ER-3 (loyality to a client prohibits undertaking representation directly adverse to that client without that client's consent)

6 of 11

Attorney's first duty is not to client, 'Counsel must remember that they too, are officers of the Court, Administrators of justice, oath-bound servants of society; that their first duty is not to their client, as many suppose, but is to the administration of justice; that their client's success is wholly subordinate.' (7 C.J.S. Attorney-Client §105(d)). Loyality to a client is so impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsiblities or interests. The conflict in effect forcloses alternatives that would otherwise be available to the client. ABA RPC 1.7 (ER-4).

Just such a conflict would be pleadings or motions, case specific examples would be: the pleading of 'in propria persona', which is a rule in pleading that pleas to the jurisdiction of the Court must be plead in propria persona, because if pled by an attorney they admit the jurisdiction, an attorney is an officer of the Court, and he is presumed to plead after having obtained leave, which admits the jurisdiction; when attorney did not compell or argue that this Court must honor its agreement to appoint new attorney by granting accused's motion, Docket No. 31, attorney's interest in the administration of justice, duty to Court and interest in fees from client prevented him from protecting client's or enforcing Courts agreement; when attorney did not encourage Court to hold an inquiry into the potential conflict raised by accused (see Docket no. 16, governments motion for hearing); not forcing the Plaintiff to honor its breached agreements or calling to the Court's attention government's use of proffered material out of context to coerce a plea that includes material misrepresentations. (see Affidavit¹)

Right to conflict-free representation derives from the Sixth Amendment, Garcia v. Bunnell, 33 F.ed 1193 (7th Cir 1994), criminal defendent is entitled to Counsel whose undivided loyalities lie with the client, Spreitzer v. Peters 114 F.3d 1435 (7th Cir 1997). The Attorney must inform the accused

of the limitations and conflicts regarding his representation or assistance (see RPC Rule 1.2(e), 1.8(f), ER-4, RPC 1.7(a)&(b); ER-5,7, and 10) If layer cannot or is not allowed due to other interests attorney cannot rightfully (morally or lawfully) ack accused to agree to his representation (RPC 1.7, ER-5); see also Docket No. 16, governments motion.

Attorney-at-law are considered officers of the Court; Judges, prosecutors and private practice lawyers are attorneys at law. The Courts are created and empowered by the respective governments and constitutions (Article IV, Section 4, US Const.) Their duty is first to Court, administration of justice and society with duty to Client subordinate; clearly they are agents of the Court and as such representatives of the incorporated society (government) that empowered the court and elected to prosecute Accused. A conflict that only arises when BAR Attorney is acting as counsel, a conflict created by the Court through its admission requirements and a conflict that should have been disclosed as was required by ABA Rules.

The Sixth Amendment guarantees right to effective assistance of Counsel to all accused of a crime, Strickland @ 684; there is a correlative right to representation that is FREE from conflicts of interest, Cuyler v. Sullivan 446 US 335, 345 (1980); this interest extends to any situation in which a defendent's counsel owes conflicting duties to that of defendent, US v. Cook 45 F.3d 388, 393 (10th Cir 1995). Right of Counsel is not the same as Right to an attorney, attorneys-at-law owe a higher duty to other interests besides those of client creating a conflict that MUST BE DISCLOSED to Client as is required by ABA Rules and legal precident.

Had accused accepted Court appointed Counsel then there would be no need to disclose the fee issue with accused, it would be known. Both Court and Attorney had prior knowledge of conflict and prior knowledge Attorney was receiving fees from the Plaintiff. Counsel had a legal and moral duty to disclose

these conflicts and limitations and to obtain written consent, a duty attorney elected to avoid by remaing silent. see US v. Jiang 140 F.3d 124 (2nd Cir 1998); US v. Taylor 139 F.3d 924 (DC Cir 1998); see also affidavit.

This failure to speak or disclose represents a fraud where there is a legal or moral duty to disclose. see US v. Tweel 550 F.2d 297, 299-300; US v. Prudden 424 F.2d 1021, 1032 n.24 (1970). Fraud destroys the validity of everything in which it enters, this includes the specific performance agreement between Attorney and Client.

As eloquently argued by AUSA Rue in the governments motion for hearing into potential conflict, Docket No. 16, the Court has a duty to inquire into any potential conflict of interest when the Court is sufficiently appraised of even a possibility to conflict of interest (pp. 2-6), a duty the Court recognized when it elected to hold a hearing into the conflict. However, when the Accused decided to abandon over $88,000.00 in fees already paid to retained Attorneys, to accept the Courts offer to have new Attorney appointed, pursuant to his agreement with the Court, to resolve a potential conflict issue the District Court elected to deny motion for new counsel without a hearing to inquire into the matter, forcing the accused to proceed with retained attorneys regardless of attorneys' ineffective representation and the potential conflcits, and in doing so the Court breached its agreement while denying the accused due process and effective assistance of counsel.

The Plaintiff argues that when a defendent is denied an on-the-record inquiry and discussion of potential conflicts with defense counsel and no waiver is obtained let alone no inquiry held the accused may challenge representation on appeal by bringing an ineffective assistance claim. (Docket No. 16, pg. 6 citing mountjoy v. Warden NH State Prison 245 F.3d 31, 36 (1st Cir 2001) citing US. Wheat 486 US 153, 162 (1988)). A claim the US Probation Department has already made on the official record (see PSR 35-36). Because

Court, Prosecutor and Attorney had prior knowledge of these potential conflicts, elected to remain silent and not disclose, or to hold a hearing to inquire further into the issues raised by Docket No. 31, yet find it necessary to place a clause within the Plea agreement that bars any post-sentencing appeal claiming ineffective assistance, creates a presecption of misconduct and fraud and/or conpiracy to engage in same. Attorney never argued that the Court should hold a hearing or honor its agreement to appoint a new attorney, then negioates a clause barring relief which the Court accepts.

The Court denied accused due process under the Fifth Amendment by denying motion for new counsel in violation of the Court's agreement, and did so without a hearing and without any opposition from the Plaintiff; additionally, to do so in light of the fact that Plaintiff and Sorokin both raised similar concerns now expressed in the official recored by the US Probation Department raises this to a prejudicial error. Furthermore, on July 5, 2007 the Court argues that Attorney is competent and has offered effective if not zelious representation, however the Court again offers no finding of fact nor points to any evidence of effective assistance and knows it has never granted a motion to suppress argued by Attorney. If attorney is effective yet has never successfully litigated in front of this Judge then that raises the question of judicial bias against defendents regardless of legal issues.

Attorney breached his duty to client pursuant to performance agreement (ABA RPC 1.8(f), ER-4) by not disclosing to client these conflicts or limitations, no informed consent was obtained by Attorney in violation of ABA and legal precident. Accused contends absent the required full disclosure, the performance agreement is not valid and the representation by Counsel was not valid nor effective, violating accused's Sixth Amendment right to effective and conflict free representation. It was prejudicial for the Court to force upon the accused an Attorney who was committing fraud, violating ABA Rules,

legal and moral duty, and negioationg plea agreement provisions that bar any relief on issues already raised with the Court yet not addressed.

Concern with Attorney's effectivness and conflict was expressed prior to most pretrial proceedings, well before the plea agreement was negioated by attorney, conserns validated by the United States through the Probation Department, US Attorney's Office and Magistrate Sorokin; concerns disregarded by this Court. The accused contends he has met his burden in this matter as is evidenced by the record, the affidavit and issues noted within.

Reversal is mandated if prejudice is proven on attorney-client relationship, US v. Morrison 229 US 361 (1981), additionally fraud destroys the validity of everything into which it enters effectiving the most solemn judgements, decrees and agreements. Ira Nudd v. George Burrows 91 US 426, 440 (1875). This Court has few alternatives but to dismiss this case for fraud and lack of effective assistance of counsel.

Therefore, Accused must ask... What is his remedy? How can the Accused be made whole and reverse the damage caused by this Court and Attorney?

Respectfully Submitted,

Without Prejudice/All Rights Reserved

Grant Allen Boyd, Secured Party/Creditor,
Authorized Representative and Attorney-
In-Fact in behalf of Defendent/Debtor:
GRANT BOYD ©, ENS LEGIS

Encl.   Affidavit in Support

I, Grant Allen Boyd, certify that this document and the enclosed has been sent to the Attorney for the Government at the address of record via first-class postage prepaid USPS mail.

28USC1746(1)

Grant Allen Boyd          8/19/07
                          /Date