UNITED STATES

Plaintiff

v.

GRANT BOYD

Defendant

Grant Allen Boyd

Third Party Intervenor

FILED
IN CLERKS OFFICE
Criminal Case:

2007 AUG 28 ᴾ5 ᴾ12³⁰30-GAO

U.S. DISTRICT COURT
DISTRICT OF MASS.

**NOTICE OF THIRD PARTY INTERVENOR**
**by Special Appearance under necessity**
In Propria

NOW COMES the Thrid Party Intervenor by special appearance, under necessity,

who holds a priority interest in the entity named as the Defendant: GRANT BOYD ©

to give notice to the Court for the record, of facts known and unknown.

1.  The Third Party Intervenor (hereinafter 'Petitioner') as stipulated by
    Plaintiff is an American National and Common Law Citizen, a Sovereign
    in full possession of his birth Rights, a man who is not a Fourteenth
    (14th) Amendment citizen of the United States, nor a resident of any
    State who seeks or who is otherwise under the protection of the 14th
    Amendment. Petitioner's Citizenship status was unaffected by the 14th
    Amendment.

2.  Petitioner's standing in this matter, as the Secured Party/Creditor
    who holds a priority interest in the Defendant, is registered pursuant
    to the Uniform Commercial Code with the State of Washington (2007-101-
    6258-0) and with the State of Massachusetts (200756492540) where
    Petitioner is on record as the holder in due course and NON-SURETY of
    the entity named as Defendant: GRANT BOYD (herein stipulated by plaintiff
    to be an artificial person, an ENS LEGIS Cestui Que Trust that was
    created by the Federal Government)

3.  On April 4, 2007, Petitioner formally challenged the jurisdiction of
    the United States to act in this matter (05-cr-10037-GAO), Plaintiff
    through the United States Attorney General has failed to contest
    allegations or to provide proof of jurisdiction, a legal duty Plaintiff
    clearly failed to perform.

4.  Plaintiff was noticed that 'silence can only equate with fraud where there
    is a legal or moral duty to respond or where an inquire left unanswered
    would be intentionally misleading,' an authority very relevant to
    Petitioner's challenge. see US v. Prudden, 424 F.2d 1021, 1032 n.24 (1970).

Page 1 of 3                                    Item #: 063007-ThridParty

Grant Allen Boyd ___ Date ___ This document is CERTIFIED A TRUE, CORRECT & COMPLETE copy of the original.

5.    Petitioner had sent Plaintiff three (3) 'Conditional Acceptance for Value' (CAFV) instruments in which Petitioner accepted Plaintiff's jurisdictional claims, claims that Petitioner is liable for violations of Federal Statutes and in which Petitioner agreed to go to prison upon Plaintiff providing proof(s) of claim; however, Plaintiff has failed to produce any proof(s) of claim and failed to prove jurisdiction in this matter.

6.    Plaintiff was to reply by certified mail with a duplicate response going to a Thrid Party or 'Second Witness' unrelated to this matter, Plaintiff's failure is evidenced by this Thrid Party's Affidavit and the Massachusetts Department of Corrections mail records. Pursuant to this failure, Plaintiff was sent a 'Notice of fault and opportunity to cure fault and contest acceptance' for each CAFV instrument, again Plaintiff failed to prove jurisdiction or contest Petitioners claims, also evidenced.

7.    Each CAFV instrument afforded Plaintiff the option to respond with proof(s) of claim or in otherways answer allegations and facts posited by Petitioner (OR) to remain silent and acquiesce through non-response to Petitioner's claims thereby limiting Plaintiff's direct liability; Platintiff elected to acquiesce and as such has failed to prove jurisdiction.

8.    In addition to challenging the jurisdiction directly with the Attorney General for the United States, the Petitioner sent formal requests for production of documents, pursuant to the privacy act and related statutes, to the following agencies, departments and organizations asking these government entities to produce any document that demonstrates Petitioner is subject to the jurisdiction or statutes of the United States, the legislative authority of Congress, or that United States' jurisdiction extends beyond the limits set forth in Article 1, Section 8, Clause 17 of the Constitution for the United States of America; NOT one entity produced or located any such document, record, proof or statement:

| Entity | | Cert. Mail Receipt No. |
|---|---|---|
| a) | Department of Justice | 7004-2890-0004-2019-2952 |
| b) | Executive Office of US Attorneys | 7004-2890-0004-2019-3751 |
| c) | US State Department | 7004-2890-0004-2019-3744 |
| d) | Department Homeland Security | 7004-2890-0004-2019-3720 |
| e) | National Archives | 7004-2890-0004-2019-3737 |
| f) | Department of Defense | 7004-2890-0004-2019-3805 |
| g) | Internal Revenue Service | 7004-2890-0004-2019-3034 |
| h) | Commerce Department | 7004-2890-0004-2019-3010 |
| i) | Health & Human Services | 7004-2890-0004-2019-3782 |
| j) | US Department of Education | 7004-2890-0004-2019-3799 |
| k) | Massachusetts Dept. Public Safety | 7004-2890-0004-2019-3003 |
| l) | Massachusetts Director Public Records | 7004-2890-0004-2019-3027 |

9.    The Plaintiff has failed to prove jurisdiction in this matter and not one government entity has produced any proof of valid jurisdiction over Petitioner in this matter, even when formally requested. The Supreme Court has long held that if the Plaintiff fails to provide proof of jurisdiction the case must be dismissed. Through TACIT PROCURATION the Plaintiff has stipulated that jurisdiction was never presented to the Grand Jury or expressed within the indictments, and that this matter is void for want of jurisdiction.

This document is CERTIFIED A TRUE, CORRECT & COMPLETE copy of the original. Grant Allen Boyd ___ Date ___

10.    Plaintiff through the US Attorney General has stipulated that this
       prosecution (05-cr-10037-GAO) represents a Constitutional impermissible
       application of statutes against the Petitioner, and was vindictive/malic-
       ious in that the prosecution was involved in fraud, conspiracy to
       soburn perjury and knowingly using false testimony as noted in Exhibit
       A-4 031507-CAFV-CONR (see Annex A); see also (Annex B)

11.    Plaintiff was NOTICED that any agreement or stipulation made through
       TACIT PROCURATION would result in all allegations and facts made in
       the CAFV instruments and related documents being settled STARE DECISIS
       in favor of Petitioner; additionally that the United States would
       be estoppel from contesting, controverting and argueing the finality
       of these administrative findings in any hearing, process or proceeding
       whether administrative, commercial or judicial.

12.    Through default and tacit procuration Plaintiff has agreed to be estoppel
       from enforcing any agreement made prior to the CAFV instruments in
       any Court proceeding.

       THEREFORE, Petitioner accepts the offer to proceed with sentencing

upon proof that: Plaintiff has responded to the CAFV instruments challenging

jurisdiction, with proof of claims; AND THAT Plaintiff has not stipulated

that this matter (05-cr-10037-GAO) should be dismissed for want of jurisdiction,

fraud, perjury and/or pursuant to Plaintiff's tacit agreements; AND THAT

Plaintiff, as a result of non-response and default, is not estoppel from

pursuing this matter (05-cr-10037-GAO) by tacit agreement.

       Respectfully Submitted,

                               Without Prejudice/All Rights Reserved

                                                (In Propria Persona)
                               Grant Allen Boyd, Petitioner, Secured
                               Party Creditor, Authorized Representative
                               and Attorney-In-Fact in behalf of Defendent/
                               Debtor: GRANT BOYD © , ENS LEGIS

Enc.    ~~Affidavit of Status~~
        Annex A - Exhibits  related to jurisdictional issues
        Annex B - Exhibits related to admissions in # 10, above)

This document is CERTIFIED A TRUE, CORRECT & COMPLETE copy of the original.

Grant Allen Boyd                    Date

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br>      Plaintiff | )<br>) |
| | ) |
| v. | ) |
| | ) |
| GRANT BOYD | ) |
|       Defendent | ) |
| | ) |
| Grant Allen Boyd | ) |
|       Third Party Intervenor | ) |

FILED
IN CLERKS OFFICE
05-cr-10037-GAO
Appearance Brief2: 30

U.S. DISTRICT COURT
DISTRICT OF MASS.

COMES NOW the Third Party Intervenor on behalf of Defendent/Debtor: GRANT
BOYD, to notice the above styled Court that the Third Party Intervenor has
accepted for value Plaintiff's claim that he is subject to Plaintiff's
jurisdiction and liable to Federal Statutes and has agreed to perform and go
to jail and/or pay fines, but that was predicated upon proof of claim.

The Plaintiff, through the United States Attorney General, has had over 90 days
in which to respond to my allegations, factual claims and requests for proof
of claim (or) to remain silent and acquiesce; Plaintiff elected to acquiesce
and through default has failed to state a claim upon which relief can be
granted and has stipulated to the facts as they operate in favor of the
Defendent, most notably that this prosecution (05-cr-10037-GAO) represents
Constitutional impermissible applications of statute and is VOID for perjury,
fraud and want of jurisdiction.

The acceptance and formal acceptance of the Plaintiff and all the facts touching
upon these matters are before the Court. In light of Plaintiff's default and
stipulations I must ask the Court, what is my remedy?

Respectfully Submitted,

Without Prejudice/All Rights Reserved

Grant Allen Boyd, Secured Party Creditor
and Authorized Representative for Defendent/
Debtor: GRANT BOYD, ENS LEGIS