UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES                          )
        Plaintiff              ) Case No: 05-cr-10037-1 -6AO
v.                                     )
                               )              Amended
GRANT BOYD                             ) NOTICE OF THIRD PARTY
        Defendent              ) INTERVENOR by special
                               )              appearance
Grant Allen Boyd                       )
        Third Party Intervenor ) In Propria Persona


      NOW COMES the Third Party Intervenor by special appearance under necessity, who holds a priority interest in the entity named as Defendent: GRANT BOYD (c) to SERVE upon the Court notice for the record, of facts known and unknown.

1.    The Third Party Intervenor (hereinafter 'Petitioner') as stipulated by the Plaintiff is an American National and Common Law Citizen of the Republic of the [u]nited States, a Sovereign in full possession of his birth Rights, a man who is not a Fourteenth (14th) Amendment citizen of the [U]nited States, nor a resident of any State who seeks or who is otherwise under the protection of the 14th Amendment. Petitioner's Citizenship status was unaffected by the 14th Amendment and as such Petitioner IS NOT a citizen nor subject of the [U]nited States corporation. (see Annex A, Exhibits A-3, A-4, A-5).

2.    Petitioner's standing in this matter, as the Secured Party and Principal Creditor who holds a priority interest in the Defendent (specifically, the Petitioner being detained is NOT the defendent nor its surety, as stipulated by the United States Attorney General), is registered pursuant to the Uniform Commercial Code with the State of Washington (2007-101-6258-0) and with the State of Massachusetts '(200756492540) where the Petitioner is on record as the holder in due course and NON-SURETY of the entity named as Defendent: GRANT BOYD (herein stipulated by the Plaintiff to be an artificial person, an ENS LEGIS Cestui Que Trust, that was created by the Federal Government)(see Annex A)

3.    On April 4, 2007, Petitioner formally challenged the jurisdiction of the United States to act in this matter, Plaintiff through the United States Attorney General has failed to contest allegations or to provide proof of jurisdiction, a legal duty Plaintiff clearly failed to perform. (Annex A)


Item #: 093007-ThirdParty

4.  Plaintiff was noticed that 'silence can only equate with fraud where there is a legal or moral duty to respond or where an inquire left unanswered would be intentionally misleading,' an authority very relevant to Petitioner's challenge. (Annex A, quoting US v. Prudden, 424 F.2d 1021, 1032 n.24 (1970))

5.  Petitioner had sent Plaintiff three (3) 'Conditional Acceptance for Value for Proof of Claim' (CAFV) instruments in which Petitioner accepted Plaintiff's jurisdictional claims, claims that Petitioner is liable for violations of Federal Statutes and in which Petitioner agreed to go to prison upon Plaintiff providing proof(s) of claim; however, Plaintiff has failed to produce any proof(s) of claim and failed to prove jurisdiction in this matter. (Annex A)

6.  Plaintiff was to reply by certified mail with a duplicate response going to a Third Party or 'Second Witness' unrelated to this matter, Plaintiff's failure is evidenced by this Third Party's Affidavit and the Massachusetts Department of Corrections mail records. Pursuant to this failure, Plaintiff was sent a 'Notice of fault and opportunity to cure fault and contest acceptance' for each CAFV instrument, again Plaintiff failed to prove jurisdiction or contest Petitioner's Claims, also evidenced. (Annex A, Exhibit A-2 'Third Party Affidavit)'

7.  Each CAFV instrument afforded Plaintiff the option to respond with proof(s) of claim or in otherways answer allegations and facts posited by Petitioner (OR) to remain silent and acquiesce through non-response to Petitioner's claims thereby limiting Plaintiff's direct liability; Plaintiff elected to acquiesce and as such has failed to prove jurisdiction, Petitioner's liability to Federal Statutes and any claim upon which relief can be granted. (Annex A)

8.  In addition to challenging the jurisdiction directly with the Attorney General, the petitioner sent formal requests for production of documents, pursuant to the privacy act and related statutes, to the following agencies, depart- ments and organizations asking these government entities to produce any document that demonstrates Petitioner is subject to the jurisdiction or statues of the United States, thelegislative authority of Congress, or that the United States' jurisdiction extends beyond the limits set forth in Article 1, Section 8, Clause 17 of the Constitution for the United States of America; NOT one entity produced any such document, record, proof or statement: (Annex A, Exhibit A-1)

| Entity | Cert. Mail Receipt No. |
| --- | --- |
| a) Department of Justice | 7004-2890-0004-2019-2952 |
| b) Executive Office of US Attorneys | 7004-2890-0004-2019-3751 |
| c) US State Department | 7004-2890-0004-2019-3744 |

Item #: 093007-ThirdParty

d) Department Homeland Security        7004-2890-0004-2019-3720
e) National Archives                   7004-2890-0004-2019-3737
f) Department of Defense               7004-2890-0004-2019-3805
g) Internal Revenue Service            7004-2890-0004-2019-3034
h) Commerce Department                 7004-2890-0004-2019-3010
i) Health & Human Services             7004-2890-0004-2019-3782
j) US Department of Education          7004-2890-0004-2019-3799
k) Mass. Dept. Public Safety           7004-2890-0004-2019-3003
l) Mass. Director Public Records       7004-2890-0004-2019-3027

9.  The Plaintiff has failed to prove jurisdiction in this matter and
    not one government entity has produced any proof of valid
    jurisdiction over Petitioner in this matter, even when formally
    requested, including the US Attorney General. The Supreme Court
    has long held that if the Plaintiff fails to provide proof of
    jurisdiction the case must be dismissed. Through TACIT PROCURATION
    the Plaintiff has stipulated that jurisdiction was never presented
    to the GRAND JURY nor expressed within the indictments, and that
    this matter is VOID for want of jurisdiction.

10. Plaintiff by and through the United States Attorney
    General has stipulated that this prosecution (05-cr-10037-1)
    represents a Constitutional impermissible application
    of statutes against Petitioner '(Annex A) and  represents
    a pattern of malicious and vindictive prosecution
    where AUSA Nancy Rue was involved in making material
    misrepresentations in pledings, fraud, conspiracy to
    soburn perjury and knowingly using false testimony in
    Court (Annex A, Exhibit A-4 031507-CAFV-CONR ¶19) and
    confirmed by AUSA Nancy Rue and Trooper Shawn Murray's
    own stipulations (Annex B), causing extreme prejudice.

11. Plaintiff was NOTICED that any agreement or stipulation
    made through TACIT PROCURATION and DEFAULT would result
    in all allegations and facts made in the CAFV instru-
    ments and related documents being settled STARE DECISIS
    in favor of Petitioner; additionally that the United
    States would be estoppel from contesting, controverting
    and argueing the finality of these administrative findings
    in any hearing, process or proceeding whether administ-
    rative, commercial or judicial. (see Notice of Default,
    Docket No. 167 & attached)

12. Through default and tacit procuration to allegations of
    fraud, misconduct, perjury and coercion, Plaintiff
    has agreed to be estoppel from enforcing any agreement
    made prior to the CAFV instruments (April 4, 2007) in
    any Court proceeding. (Annex A)

    THEREFORE, Petitioner accepts the offer to proceed with

this Prosecution/Sentencing UPON PROOF that: Plaintiff has

responded to the CAFV instruments challenging jurisdiction;

AND THAT Plaintiff has not stipulated that this matter
(05-cr-10037-GAO-1) should be dismissed for want of
jurisdiction, fraud, perjury and/or pursuant to Plaintiff's
tacit agreements; AND THAT Plaintiff, as a result of non-
response and default, is not estoppel from pursuing this
matter by tacit agreement.

    Respectfully Submitted,

Without Prejudice/All Rights Reserved 9/30/07
/s/ Grant Allen Boyd (In Propria Persona)
Grant Allen Boyd, Petitioner
Secured Party & Creditor, Authorized
Representative & Attorney-In-Fact in
behalf of Defendent/Debtor: GRANT BOYD ©,
ENS LEGIS

Item #: 093007-ThirdParty

Grant Allen Boyd
c/o PO Box 100
South Walpole, Massachusetts

November 27, 2007

United States District Court
1 Courthouse Way
Boston, MA 02210

RE: US v. GRANT BOYD    - *CAO*
    05-cr-10037 (Docket No. 163)

Dear Clerk:

    Enclosed you will find the 'Amended NOTICE OF THIRD PARTY
INTERVENOR by special appearance' that was servered upon the
US Attorney, Judge O'Toole and Judge Sorokin. Proof of service
was docketed by the Court in mid October 2007.

    However, the Amended Notice was never docketed.  It was
intended to replace Docket No. 163 and only provided additional
clairity as to the Exhibits in support.

    Please file the enclosed Amended Notice as approprate.

    Respectfully,

                            Without Prejudice/All Rights Reserved

                            /s/ Grant Allen Boyd
                            Grant Allen Boyd, Third Party Intervenor
                            Secured Party & Creditor, Authorized
                            Representative & Attorney-In-Fact in
                            behalf of Defendent/Debtor: GRANT BOYD,
                            ENS LEGIS

Encl. Item No. 093007-ThirdParty 'Amended Notice of Third Party...' 4 pages
                    Dated 9/30/07