UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
            v.              )    Criminal No. 05-10037-GAO
                            )
GRANT BOYD, et al.,         )
                            )
            Defendant.      )

## MOTION FOR FINAL ORDER OF FORFEITURE

    The United States of America, by its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court issue a Final Order of Forfeiture in the above-captioned case, pursuant to Title 21, United States Code, Section 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Final Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

    1.    On May 11, 2006, a federal grand jury sitting in the District of Massachusetts returned a three-count Second Superseding Indictment charging defendant Grant Boyd (the "Defendant"), and others, with Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) (Count One); Conspiracy to Distribute, and to Possess With Intent to Distribute, Methamphetamine, in violation of 21 U.S.C. § 846 (Count Two); and Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) (Count Three).

    2.    The Second Superseding Indictment contained a drug

trafficking forfeiture allegation, which sought the forfeiture, upon conviction of the offenses alleged in Counts One and Two of the Second Superseding Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violations; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, pursuant to 21 U.S.C. § 853.

3. In addition, the Second Superseding Indictment contained a money laundering forfeiture allegation, which sought the forfeiture, upon conviction of the offense alleged in Count Three of the Second Superseding Indictment, of all property, real and personal, involved in such offense, and all property traceable to such property, including, without limitation, approximately $450,000 in United States currency, pursuant to 18 U.S.C. § 982.

4. The Second Superseding Indictment further provided that, if the property described in the drug trafficking and money laundering forfeiture allegations, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek

forfeiture of any other property of the Defendant, up to the value of the property, pursuant to 21 U.S.C. § 853(p).

5. On or about June 2, 2006, the United States filed a Supplemental Bill of Particulars for Forfeiture of Assets, based on the forfeiture allegations of the Second Superseding Indictment, and specifically named $54,223.00 in United States Currency, seized from Grant Boyd, a/k/a Mark Martin, at the Nine Zero Hotel, 90 Tremont Street, Boston, Massachusetts, on or about December 31, 2004 (the "Currency"), as directly forfeitable to the United States.

6. On December 7, 2006, the Defendant pled guilty to all counts of the Second Superseding Indictment, pursuant to a written plea agreement he signed on December 7, 2006 (see Document No. 124). In the plea agreement, the Defendant agreed to forfeit the Currency to the United States, and admitted that the Currency was subject to forfeiture on the grounds that it constituted, or was derived from, proceeds that the Defendant obtained, directly or indirectly, as a result of the charged offenses and/or that it represented property used or intended to be used in any manner or part to commit and facilitate the commission of the offenses, as charged in Counts One and Two of the Second Superseding Indictment; and/or represented the money or other property that was the subject of each money laundering violation, commissions, fees, and other property constituting proceeds obtained as a result of those

violations, property used in any manner or part to commit or to facilitate the commission of those violations and/or a sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, as charged in Count Three of the Second Superseding Indictment.

    7.   On July 27, 2007, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Currency (see Document No. 148).

    8.   On August 14, 2007, August 21, 2007, and August 28, 2007, a Notice of Order of Forfeiture was published in the Boston Herald newspaper pursuant to 21 U.S.C. § 853(n) (see Document No. 169).

    9.   On December 11, 2007, a sentencing hearing was held and the Defendant was sentenced to 240 months' incarceration on each count, to be followed by a term of ten years' supervised release. In addition, the District Court ordered the Defendant to forfeit the Currency to the United States.

    10.   To date, no claims of interest in the Currency have been filed with the Court and the time within which to do so has expired.

WHEREFORE, the United States respectfully requests that this Court enter a Final Order of Forfeiture against the Currency in the form submitted herewith.

```
                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                               By:  /s/ Nathaniel R. Mendell
                                    NATHANIEL R. MENDELL
                                    Assistant U.S. Attorney
                                    United States Courthouse
                                    1 Courthouse Way, Suite 9200
                                    Boston, MA 02210
Date: December 12, 2007             (617) 748-3100
```

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing Motion for Final Order of Forfeiture and the proposed Final Order of Forfeiture, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

```
                                    /s/ Nathaniel R. Mendell
                                    Nathaniel R. Mendell
                                    Assistant U.S. Attorney
Date: December 13, 2007
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
         v.                 )   Criminal No. 05-10037-GAO
                            )
GRANT BOYD, et al.,         )
                            )
         Defendant.         )

**FINAL ORDER OF FORFEITURE**

**O'TOOLE, D.J.**,

WHEREAS, on May 11, 2006, a federal grand jury sitting in the District of Massachusetts returned a three-count Second Superseding Indictment charging defendant Grant Boyd (the "Defendant"), and others, with Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) (Count One); Conspiracy to Distribute, and to Possess With Intent to Distribute, Methamphetamine, in violation of 21 U.S.C. § 846 (Count Two); and Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) (Count Three);

WHEREAS, the Second Superseding Indictment contained a drug trafficking forfeiture allegation, which sought the forfeiture, upon conviction of the offenses alleged in Counts One and Two of the Second Superseding Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violations; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations,

pursuant to 21 U.S.C. § 853;

WHEREAS, the Second Superseding Indictment also contained a money laundering forfeiture allegation, which sought the forfeiture, upon conviction of the offense alleged in Count Three of the Second Superseding Indictment, of all property, real and personal, involved in such offense, and all property traceable to such property, including, without limitation, approximately $450,000 in United States currency, pursuant to 18 U.S.C. § 982;

WHEREAS, on or about June 2, 2006, the United States filed a Supplemental Bill of Particulars for Forfeiture of Assets, based on the forfeiture allegations of the Second Superseding Indictment, and specifically named $54,223.00 in United States Currency, seized from Grant Boyd, a/k/a Mark Martin, at the Nine Zero Hotel, 90 Tremont Street, Boston, Massachusetts, on or about December 31, 2004 (the "Currency"), as directly forfeitable to the United States;

WHEREAS, on December 7, 2006, the Defendant pled guilty to all counts of the Second Superseding Indictment, pursuant to a written plea agreement he signed on December 7, 2006;

WHEREAS, in the plea agreement, the Defendant agreed to forfeit the Currency to the United States, and admitted that the Currency was subject forfeiture on the grounds that it constituted, or was derived from, proceeds that the Defendant obtained, directly

or indirectly, as a result of the charged offenses and/or that it represented property used or intended to be used in any manner or part to commit and facilitate the commission of the offenses, as charged in Counts One and Two of the Second Superseding Indictment; and/or represented the money or other property that was the subject of each money laundering violation, commissions, fees, and other property constituting proceeds obtained as a result of those violations, property used in any manner or part to commit or to facilitate the commission of those violations and/or a sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, as charged in Count Three of the Second Superseding Indictment;

WHEREAS, on July 27, 2007, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Currency;

WHEREAS, on August 14, 2007, August 21, 2007, and August 28, 2007, a Notice of Order of Forfeiture was published in the Boston Herald newspaper pursuant to 21 U.S.C. § 853(n);

WHEREAS, on December 11, 2007, a sentencing hearing was held and the Defendant was sentenced to 240 months' incarceration, to be followed by a term of ten years' supervised release, and the District Court ordered the Defendant to forfeit the Currency to the United States; and

WHEREAS, to date, no other claims of interest in the Currency

have been filed with the Court and the time within which to do so have been filed with the Court and the time within which to do so has expired.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Currency, and it is hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure.

3. All other parties, having any right, title, or interest in the Currency, are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the Currency in accordance with applicable law.

DONE AND ORDERED in Boston, Massachusetts, this _____ day of _____, 2007.

_____
Dated:                                    GEORGE A. O'TOOLE, JR.
                                          United States District Judge