UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GRANT BOYD
    Petitioner

v.                                    File No.: 05-cr-10037-GAO

UNITED STATES
    Respondent

## MOTION FOR SUMMARY JUDGMENT
(Fed.R.Civ.P. 56)

NOW COMES Petitioner, GRANT BOYD, pursuant to Fed.R.Civ.P. 56 & Rule 12 Rules Governing Section 2255, to MOVE the Honorable Court to grant Summary Judgment in favor of Petitioner's 2255 motion on grounds set forth herein originating from indisputable facts contained within the Court Record. Fed.R.Civ.P. 56(c)(1)(A)&(B).

## STANDARD OF REVIEW

Summary Judgement is commonly used in habeas corpus proceedings. see Fed.R.Civ.P. 81(a)(4); Rule 12 Rules Governing 2255 cases. Summary Judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to material fact and that the Movant is entitled to judgement as a matter of law." Fed.R.Civ.P. 56(c) The party seeking Summary Judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp v. Catrett, 477 US 317, 323m 106 S.Ct 2548, 91 L.Ed. 2d 265 (1986).

The party opposing Summary Judgment must present competent evidence of record that shows a genuine issue for trial. See <u>Anderson v. Liberty Loby, Inc.</u> 447 US 42, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) Where a motion for Summary Judgment is unopposed, the properly supported facts presented by the moving party are deemed to be admitted. LR 7.2(b)(2). In that case, the Court must consider the claims based on the record, taking the uncontested facts in the light most favorable to the non-moving party. <u>Sanchex-Figueroa v. Banco Popular de P.R.</u> 527 F.3d 209, 212 (CA1 2008).

However, "not every factual dispute is sufficient to thwart Summary Judgment; the contested fact must be 'material' and the dispute over it must be 'genuine.' In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party. <u>Navarro v. Pfizer corp.</u>, 261 F.3d 90, 93-94 (Cal 2001). Once that burden is met, the burden shifts to the nonmoving party to produce specific facts of record indicating a genuine issue for trial. See <u>Getton v. Micrion Corp.</u> 249 F.3d 29, 34 (CA1 2001); see also <u>Celotex Corp v. Catrett</u>, 477 US 317, 323 (1986)." 2008 DNH 84:: <u>Chretien v. NH State Prison</u> April 21, 2008.

## MATERIAL FACTS
(05-CR-10037 Court Record)

1) The Court's Order resolving the September 14, 2005 Rule 44(c) Hearing, into conflict of interest concerns with Defense Counsel, contains a promise to appoint CJA Counsel if later requested by Petitioner, should he perceive a potential conflict (or) even if he is just concerned about the potential for one. The only burden placed upon Petitioner by this Order was to simply file a request for appointment of counsel.

   a) (TR p.16 ¶ 16-19)

      i) "**THE COURT**: Okay you understand that if a potential conflict arises you have the opportunity to come back to the Court and seek the appointment of court-appointed counsel to represent you.

  ii) **"THE PETITIONER**: yes I do your Honor"
  iii) **"THE COURT**: or to advise you, you could have the Court-appointed lawyer advise you about a potential conflict.
  iv) **"THE PETITIONER**: I understand that"

 b) **(TR pp. 18-21) Court explains the Ruling and the promise therein to the government while clarifying its intent for the parties understanding with the government stipulating w/o objection to the terms of the promise and resulting conditional resolution of conflict.**

  i) "**THE COURT**: … that if in the future he wants court appointed counsel because of a concern about an actual potential conflict of interest I would appoint him one…So – and I explained to him that I would also appoint CJA counsel to advise him about a potential conflict if he was even just concerned that at any time now or in the future. (p. 19 ¶ 1-19)

2) On October 17, 2005, Petitioner filed request for appointment of CJA counsel citing the September 14, 2005 Order. DE 31

3) On February 6, 2006, the Court denied DE 31 thereby breaching the September 14, 2005 Order of the Court, the promise to appoint therein and rendered waiver of conflict(s) pursuant to Fed.R.Crim.P. 44(c) invalid.

## ARGUMENT

The issues presented within the 2255 originate not from Counsel's action or in action but rather the Court's breach of its September 14, 2005 Order and the promise therein to appoint counsel if requested. The breach invalidates Petitioner's Rule 44(c) waiver of conflicts and all subsequent proceedings, as the breach violates the Due Process Clause and represents what the First Circuit considers to be a plain error. The Petitioner waived his 6th amendment right to conflict free representation based on the Court's Order promising to appoint CJA Counsel at any time if requested by Petitioner to resolve a perceived conflict concern, a promise unfulfilled by the Court. The September 14th Order did not require a showing of any potential or actual conflict; it simply required that Petitioner make a request to the Court to appoint counsel, a request that was made (DE 31) and later denied by the Court on February 6, 2006. This unfulfilled promise and the violation of Court's Order is a reversible error and Petitioner seeks remedy.

### A)     The Court's Breach of Promise to Appoint Counsel

On September 14, 2005, the Court resolved Rule 44(c) hearing into conflict by ruling that Petitioner will be appointed Counsel at anytime "now or in the future" to resolve a "concern" for a "potential conflict" if he files a request with the Court. (TR p.19, ¶1-19)

This promise was used to induce Petitioner into waiving his conflict concerns which were different from those raised by the government, an order stipulated to by AUSA Rue. Once the Court issued the ruling containing a promise and petitioner waives Constitutional Rights because of that promise, if Petitioner is denied the benefit of that promise he is Constitutionally entitled to relief. Puckett v. US, 556 US 276-277 (2009)(citing Santobello v. NY, 404 US 257, 267); see also Brady v. US 397 US @ 749 ("**...plea entered by one fully aware of direct consequences, including actual value of any commitments made to him by the Court...must stand unless induced by...misrepresentations (including unfulfilled...promises**")

A waiver of conflict pursuant to Rule 44(c) is a waiver of Fifth and Sixth Amendment Rights and is analogous with the waiver of Fifth and Sixth Amendment rights resulting from plea agreements. Any waiver obtained in exchange for an unfulfilled promise is invalid. US v. Riggs, 287 F.3d 221, 224-226 (CA1 2002)(quoting Correale, 479 F.2d @ 949)(noting that waiver of Rights, in exchange for prosecutors statement, is ineffective when agreement is violated); Ferrara v. US, 456 F.3d 278, 290 (CA1 2006)(quoting Brady v. US, 397 US @ 749)([waiver] must stand unless induced by...unfulfilled...promise).

On October 17, 2005 at DE 31, Petitioner requested appointment of CJA counsel citing Court's Ruling to appoint, four months later on February 6, 2006, the Court breached its promise to appoint by denying request. This occurred again on December 7, 2007 at DE 180, when Petitioner

asked the Court to resolve a new conflict concern that was created by the Court itself, and the Court ignored the motion leaving it unanswered to this day.

The First Circuit looks at two considerations in determining if remedy should be provided for alleged breach: (1) factual question of what the terms of the promise are & what the breaching party's conduct was; AND (2) a legal question as to whether the breaching party's conduct actually caused breach. US v. Clark, 55 F.3d 9, 12 (CA1 1995). There was a Ruling that contained a promise to appoint counsel, a promise that was used to induce Petitioner to resolve conflict through waiver; a request was made to appoint and that request was denied; under Clark a breach occurred.

Even if the District Court was unaware of the promise or its terms, the Court is still bound by the September 14, 2005 Ruling and promise therein. Puckett @ 277 (citing Santobello @ 259-260)("Prosecution apparently unaware of that commitment...[failed to perform & this Court] vacated the conviction and remanded"); Clark, 55 F.3d @ 14 (CA1 1995)(that breach was inadvertent does not lessen its impact.) Clark goes on to hold that unfulfilled promise that has no negative effect not harmless, (citing Correal, 479 F.2d @ 494)(CA1)); see also Santobello @ 262 ("remanding for remedy even though sentencing judge 'stated that prosecutors' recommendation did not influence him' and we have no reason to doubt him.").

So serious does the First Circuit view breached promises within the context of criminal prosecutions, that a breached promise is considered a plain error and when it's the Court that breaches there should be no barrier to relief. Although plain error is normally reserved for errors of the Court, the Circuit has extended plain error to breached agreements within a criminal prosecution; not only because of its effect on Constitutional rights but also because a breached promise "directly involve the honor of the government, public confidence in fair administration of justice, and the effective administration of justice in a federal scheme of government." US v. Riggs, 287 F.3d 221, 224-226

(CA1 2002)(quoting Correale, 479 F.2d @ 949)(noting that waiver of rights, in exchange for prosecutors statement, is ineffective when agreement is violated.)

### B.) REMEDY

The only remedy for the Court's breach is a reversal for the Court's violation of due process clause and Petitioner's Fifth and Sixth Amendment Rights. Puckett Supra

Petitioner waived his Constitutional Rights because of a promise contained in the Court's September 2005 Order resolving Rule 44(c) conflict concerns. Under the Court's Order, to obtain relief for a concern regarding a conflict of interest, the Petitioner had only to request counsel. The Court denied that request and in doing so breached the Court's Order and promise therein, thereby invalidating the Rule 44(c) waiver and all subsequent proceedings. The Supreme Court holds that even if the breaching party is unaware of the agreement, made by another representative of that party, the Petitioner is still entitled to relief. Pucket 556 US @ 277 (citing Santobello @ 259-260)("... prosecution apparently unaware of that commitment...[failed to perform and this Court] vacated the conviction and remanded"); see also US v. Clark, 55 F.3d @ 14 (CA1); Santobello 404 US @ 262 ("remanding for remedy even though sentencing judge 'stated that prosecutor's recommendation did not influence him and we have no reason to doubt that'").

Petitioner's only burden to obtain relief for the Court's breach is not to prove actual conflict or prejudice; but to show (1) that there was an agreement to appoint; (2) that Petitioner had requested appointment of counsel; AND (3) that request was denied by the Court, breaching the Order and promise therein. See Clark @ 12 The Court's September 2005 Order was acceptable to the Petitioner and AUSA Rue without objection. (TR) Petitioner performed by waiving conflict concerns on the Court's promise to appoint if later requested, a promise unfulfilled by the Court. The September Ruling obligated the Court to appoint counsel if Petitioner made that request (DE 31 & 180) the Court is not allowed to change its mind as to the September 2005 Order or the terms therein. US v. Cruz,

709 F.2d 111, 115 (1CA 1983)("**once Court accepted the agreement, thereby binding the petitioner and prosecution, it could not simply change its mind**"). <u>Brady v. US</u> 397 US @ 749 ("…plea entered by one fully aware of direct consequences, **including actual value of any commitments made to him by the Court…must stand unless induced by…misrepresentations (including unfulfilled…promises**"); see also <u>Santobello</u> @ 262 ("remanding for remedy even though sentencing judge 'stated that prosecutors' recommendation did not influence him' and we have no reason to doubt him."). Petitioner is Constitutionally entitled to remedy for the Court's error.

## CONCLUSION

The facts contained within the Court Record clearly support relief: (1) that there was an Order resolving conflicts of interests conditioned upon a promise to appoint counsel if later requested (TR 9/14/05); (2) that a request was made to appoint CJA counsel (DE 31); (3) that there was a decision to deny request (DE 31) on February 6, 2006 thereby violating the September 14, 2005 Order and invalidating Petitioner's Rule 44(c) waiver of conflict. These facts are material and genuine, they are also contained within the Court Record and have been either placed there by the Court or cited by the Court in its decisions, the government never objected to these facts when they were docketed, therefore they are indisputable.  see Fed.R.Civ.P. 56(c)(1)(A) & (B).

The First Circuit looks at two considerations in determining if remedy should be provided for alleged breach: (1) factual question of what the terms of the promise are & what the breaching party's conduct was; AND (2) a legal question as to whether the breaching party's conduct actually caused breach. <u>US v. Clark</u>, 55 F.3d 9, 12 (CA1 1995). Clearly, there was an Order containing an agreement to appoint and the docket demonstrates the Court's denial of Petitioner's request for appointment. Once the Court issued the uncontested Order containing a promise and petitioner waived Constitutional Rights because of that promise, when Petitioner is denied the benefit of that promise

he is Constitutionally entitled to relief. Puckett v. US, 556 US 276-277 (2009)(citing Santobello v. NY, 404 US 257, 267); see also Brady v. US 397 US @ 749 ("**...plea entered by one fully aware of direct consequences, including actual value of any commitments made to him by the Court...must stand unless induced by...misrepresentations (including unfulfilled...promises**"). Under Puckett & Clark, it is clear that there was a breach, that the Court caused it, and that the Petitioner should be granted relief.

For the above reasons the Petitioner asks the Court to GRANT this motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 and Grant petitioner's 2255 motion for relief by reversing the conviction and remanding the case back to the point in the proceedings just prior to the September 14, 2005 Rule 44(c) hearing.

Respectfully Submitted,

*/s/ Grant Boyd* 10/14/11
Grant Boyd, Pro-Se
Res #: 04725-082
PO Box 1000
Petersburg, VA 23804

CERTIFICATE OF SERVICE

I, Grant Boyd, certify that on this day, the Motion for Summary Judgment was served upon the AUSA of record, at the address of record via postage pre-paid USPS First Class Mail.

*/s/ Grant Boyd* 10/14/11
Grant Boyd, Pro-Se