UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


```
                              )
UNITED STATES OF AMERICA,     )
                              )
        Plaintiff,            )
                              )    Criminal Action
v.                            )    No. 05-10037(1)
                              )
GRANT BOYD,                   )
                              )
        Defendant.            )
                              )
```

BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE


**TRANSCRIPT OF HEARING**



John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts  02210
Tuesday, September 25, 2007
2:41 p.m.



Marcia G. Patrisso, RMR, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
One Courthouse Way, Room 3510
Boston, Massachusetts  02210
(617) 737-8728

Mechanical Steno - Computer-Aided Transcript

1    APPEARANCES:

2        OFFICE OF THE UNITED STATES ATTORNEY
         By: Sandra S. Bower, Assistant U.S. Attorney
3        John Joseph Moakley Federal Courthouse
         Suite 9200
4        Boston, Massachusetts  02210
         On Behalf of the Government

5
         LAW OFFICES OF PARTRIDGE, ANKNER & HORSTMANN, LLP
6        By: Peter C. Horstmann, Esq.
         200 Berkeley Street, 16th Floor
7        Boston, Massachusetts  02116
         On Behalf of the Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

1

2      THE CLERK:  All rise.

3      (The Court enters the courtroom at 2:41 p.m.)

4      THE CLERK:  The United States District Court for the

5  District of Massachusetts, court is now in session.  Please be

6  seated.

7      For a sentence in the case of the United States of

8  America versus Grant Boyd, which is Docket 05-10037.  Would

9  counsel please identify yourselves for the record.

10      MS. BOWER:  Good afternoon, your Honor.  Sandra Bower

11  for the United States.

12      MR. HORSTMANN:  Good afternoon, your Honor.  Peter

13  Horstmann.  I'm here.  I'm not sure whether I'm here for

14  Mr. Boyd or not.  I'll leave that to the Court and Mr. Boyd to

15  flush out.

16      THE COURT:  We have to start with the question of

17  counsel.  I'm not clear exactly what Mr. Boyd's position is.  I

18  know he's been filing papers.

19      THE DEFENDANT:  Your Honor, my position in the papers

20  was quite clear.  I fired counsel.  I had retained counsel

21  prior to October 2005.  I had --

22      THE COURT:  Whom did you fire, I guess?  It wasn't

23  clear.  You kept saying "counsel."

24      THE DEFENDANT:  My defense counsel.

25      THE COURT:  Who?

1          THE DEFENDANT:  Mr. Horstmann, Mr. Richards, and any

2     of their associates.

3          THE COURT:  Uh-huh.  And what is your proposal on?

4          THE DEFENDANT:  I asked the Court, you know, to

5     appoint counsel so I can understand where we're going from

6     here.  I think the reasons I stated in my affidavit, as well as

7     in the notices, were quite clear as to why I'm terminating my

8     assistance of counsel.

9          THE COURT:  Well, why don't you tell us again.

10          MR. HORSTMANN:  Your Honor, to the extent that this

11     may call into -- may we approach?  Or at least have an

12     in-camera proceeding if we're going to be revealing potential

13     attorney-client --

14          THE COURT:  Well, maybe Mr. Boyd can tell me without

15     telling me any conversations he may have had with counsel.

16     That would be -- the point is that would be privileged.  And,

17     of course, you can waive the privilege if you want to do that.

18          THE DEFENDANT:  The Court has on record a four-page

19     affidavit outlining things that were or were not discussed with

20     me that I feel violated the attorney-client relationship and

21     the specific performance agreement that I had with counsel.

22     And as a result of that, I think we have a problem.

23          THE COURT:  What would your intention be, to hire

24     somebody else?

25          THE DEFENDANT:  I can't afford anybody.  According to

1  the PSR that came out, I'm indigent.  I was indigent when I

2  engaged Mr. Horstmann and counsel, but I had borrowed money to

3  do that.

4       THE COURT:  Mr. Horstmann, do you have anything you

5  want to add?

6       MR. HORSTMANN:  No.

7       THE COURT:  This is the first time I've heard Mr.

8  Richards being the target of the criticism, I guess.  Because

9  the statements, as I recall them in the papers, were in

10  reference to "counsel."  And we had, of course, a conference

11  here in July, was it?

12       THE DEFENDANT:  Yes.

13       THE COURT:  And some of this was aired then.  And so I

14  knew some of your concern was directed at Mr. Horstmann, but he

15  was only one of -- as the record indicates -- three people who

16  had appearances in in this case.

17       THE DEFENDANT:  Mr. Horstmann was, if you will,

18  representing Mr. Richards.

19       MR. HORSTMANN:  I was local counsel, your Honor.

20       THE DEFENDANT:  Local counsel.

21       THE COURT:  I understand.  But I understood that

22  Mr. -- I had understood that Mr. Boyd's displeasure was

23  directed at you, Mr. Horstmann, rather than everybody

24  associated with his defense.  I guess I hadn't understood the

25  objection to Mr. Richards' performance, for example.  And I

1    don't know who -- who's the other one, Manieri?

2           MR. HORSTMANN:  Mr. Manieri --

3           THE COURT:  Manieri.

4           MR. HORSTMANN:  -- is employed by my office, your

5    Honor.

6           THE COURT:  Oh, he's in your office?

7           MR. HORSTMANN:  Yeah.

8           THE COURT:  I'm sorry.

9           Does the government have any view?

10          MS. BOWER:  Your Honor, I think that this is a matter

11   for -- obviously, for the Court's discretion.  I know that

12   under *U.S. v. Myers*, you have the discretion to deny a request

13   to withdraw after making an appropriate inquiry of the

14   defendant.  I'm not suggesting that the Court do that, but it's

15   certainly up to the Court to determine whether there's been a

16   total breakdown of communication.

17          THE COURT:  Well, I think there has been.  I think

18   that appears to be the case.  And so, if necessary, we will

19   have to put this off and have an attorney -- the one thing that

20   puzzles me is that it's not like any new counsel will have any

21   effect on the sentence in the case, because the sentence is not

22   one actually for me -- well, Congress has provided a minimum

23   mandatory sentence which I have to respect.

24          The only judgment that I would have -- range of

25   judgment -- would be to go higher than that rather than lower.

1    And so any exercise in judgment in Mr. Boyd's favor would be

2    practically ruled out by quite a stretch here.  So even if

3    there's a new lawyer, there's no way the new lawyer is going to

4    persuade me, because I'm statutorily unpersuadable to go below

5    20 years.

6            THE DEFENDANT:  We have another problem.  If you want

7    to proceed with sentencing, your Honor, then we have another

8    issue we need to resolve before, and that's the fact that the

9    government has stipulated through default that this case is

10   void for lack of jurisdiction unless the government can provide

11   proof that they've responded to my conditional --

12           MS. BOWER:  Your Honor -- as the Court may be aware --

13   I apologize -- the defendant has filed a number of pleadings in

14   this case on his own, and there is something that he has

15   mentioned, and he's correct, the government has not responded

16   to it.

17           THE COURT:  He's correct to the extent that the

18   government has not responded to it?

19           MS. BOWER:  Yes.  Let me be clear on that.  Correct

20   that the government has not responded to it.

21           THE COURT:  Well, I will permit Mr. Horstmann to

22   withdraw.

23           MR. HORSTMANN:  Thank you, your Honor.

24           THE COURT:  We'll adjourn and set another date for

25   sentencing, and in the meantime, have counsel appointed for Mr.

1    Boyd.  But I don't think we need much time because, as I say, I

2    don't think there's an issue to be discussed, frankly.

3            THE DEFENDANT:  Your Honor, there's another issue.  By

4    failing to respond, the attorney general for the United States

5    stipulated this case is void for lack of jurisdiction and the

6    contracts are void.

7            THE COURT:  Well, when you have a new attorney, you

8    can entertain that.

9            Paul, what do you say, six weeks, maybe?

10           THE CLERK:  Let me see what we've got.  Tuesday,

11   November 13th.

12           THE COURT:  Sounds all right to me.

13           THE CLERK:  Tuesday, November 13th, at three o'clock

14   for a sentence.

15           THE COURT:  And we'll refer the matter to a magistrate

16   judge for the appointment of counsel from the CJA list, okay?

17           MS. BOWER:  Thank you, your Honor.

18           THE COURT:  I think we can stay in session.

19           THE CLERK:  Yeah.

20           (The proceedings adjourned at 2:48 p.m.)

21

22

23

24

25

```
 1                   C E R T I F I C A T E

 2

 3            I, Marcia G. Patrisso, RMR, CRR, Official Reporter of

 4     the United States District Court, do hereby certify that the

 5     foregoing transcript constitutes, to the best of my skill and

 6     ability, a true and accurate transcription of my stenotype

 7     notes taken in the matter of Criminal Action No. 05-10037(1),

 8     United States of America v. Grant Boyd.

 9

10     /s/ Marcia G. Patrisso
       MARCIA G. PATRISSO, RMR, CRR
11     Official Court Reporter

12
       Date:  5/6/13
13

14

15

16

17

18

19

20

21

22

23

24

25
```