1

LAW OFFICES OF MARTIN GODIN
10520 WILSHIRE BLVD, SUITE 604,
Los Angeles, CA 90024
310-470-9916 Office
LAW OFFICES OF RONALD RICHARDS AND ASSOCIATES
P.O. BOX 11480
Beverly Hills, CA 90213
310-556-1001 office 310-277-3325 fax

**TRUE RETAINER AGREEMENT**

The undersigned, hereinafter Client, hereby employs Law Offices of Martin Godin, Law Offices of Ronald Richards & Associates hereinafter Attorneys, as Clients' (Attorney) to engage the attorneys by a true retainer engagement for Grant Boyd in a federal court action on criminal charges, conspiracy to distribute methamphetamine, etc. Only Ronald Richards will make court appearances in this case unless Mr. Godin feels it is necessary for him to do so. Both counsel will be allowed to have local counsel to make routine appearances to save travel costs.

1. FEES

Client agrees to compensate Attorneys at a total rate of $65,000.00 TO ENGAGE attorneys for representation only. The retainer is a true retainer as defined in Rule 3-700 (D)(2). It is for no other purpose. The time period for the true retainer is up to five months of pre trial only. This will be extended by attorney if there are simply continuances during this time period. A trial fee is extra. In addition, a protracted or lengthy pretrial or motion schedule may cause attorneys to charge additional fees once the discovery is provided and the case is evaluated. All partial payments count towards the true retainer and are deemed earned upon receipt. In the event of a default, all previously paid payments will be credited and the agreement will be terminated with no refunds nor further litigation between the parties. This retainer does not cover any appeal unless specifically negotiated by attorney and client in a supplemental agreement in writing.

2. COSTS

Client shall pay all costs reasonably necessary for the representation in the matter. Attorney is authorized to incur reasonable costs and expenses in performing legal services under this Agreement. At our option we may either advance any necessary costs and deduct them from any recovery or we may bill you in advance. Costs may include, among other things, filing fees, court costs, service fees, jury fees, copying ($.15 per copy), postage, investigation fees, witness fees, jury fees,

2

messenger services, travel expenses including mileage ($.30 per mile traveled), amounts paid experts, consultants, investigative and hourly legal assistant costs, and any other costs Attorneys deem necessary to properly prepare and pursue Clients' case.

3. RETAINER

Client shall deposit the sum of $65,000.00 with attorney as a true retainer. The fees are earned upon receipt. The client is paying this fee to have the attorney ready, willing, and able to perform legal services related to the bail, arraignment,

and preliminary motion proceeding in the District of Massachusetts at the client's request. In addition, client was advised that attorney limits his case load and this is a true retainer. Attorney does not need to perform any services except be ready and willing and able to perform the legal services related to the bail hearing, and initial case evaluation, and other preliminary motions, revocation hearing and review the voluminous discovery. All other fees that extend beyond the bail hearing, revocation hearing, and basic motions are extra. Some of these motions include extended wire tap motions if applicable, a trial fee, or appeal fee. These additional services are negotiable. This retainer is for an engagement only for the specific time period of the time from the date of the retainer agreement up to the completion five months of pretrial period. The attorney shall provide a reasonable trial fee if one is necessary. The attorney will reasonably extend the period of availability if there are continuances to review discovery, new defendants added to the action, etc.

4. ACTIONS BY FIRM

We may take any actions that, in our discretion, are necessary in the defense of the case. However, no settlement will be made without your consent. We do not guarantee any particular result, but pledge to use our best efforts to reach a satisfactory conclusion to the case.

5. BILLS

Attorney will provide no statements.

6. LEGAL SERVICES SPECIFICALLY EXCLUDED.

Legal services that are not to be provided by Attorney under this agreement specifically include, but are not limited to any appeal on this matter. If Client wishes that Attorney provide any legal services not to be provided under this agreement, a separate written agreement between Attorney and Client will be required.

7. INUREMENT

3

Clients bind their heirs, executors, and legal representatives to the terms and conditions set forth in this agreement.

8. DISCHARGE

The client may discharge attorney at any time, by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client's behalf after receipt of the notice. If Attorney is Client's attorney of record in any proceeding, Client will execute and return a substitution-of-attorney form immediately on its receipt from Attorney. Notwithstanding the discharge, Client will be obligated to pay Attorney in full for all services provided and to reimburse Attorney for all costs advanced.

9. WITHDRAWAL OF ATTORNEY

Attorney may withdraw at any time, by giving the client reasonable notice, as permitted under the *Rules of Professional Conduct* of the State Bar of California. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (a) The client consents, and (b) the client's conduct renders it unreasonably difficult for the attorney to carry out the employment effectively. In that event, the client agrees to sign a consent to withdrawal. Notwithstanding Attorney's withdrawal, Client will be obligated to pay Attorney's fees



the withdrawal.

## 10. REPRESENTATION OF ADVERSE INTERESTS

Client is informed that the *Rules of Professional Conduct* of the State Bar of California require the Client's informed written consent before an Attorney may begin or continue to represent the Client when the attorney has or had a relationship with another party interested in the subject matter of the Attorney's proposed representation of the client. Attorney is not aware of any relationship with any other party interested in the subject matter of Attorney's services for Client under this agreement. As long as Attorney's services for Client continue under this agreement, Attorney will not agree to provide legal services for any such party without Client's prior written consent.

## 11. RELEASE OF CLIENT'S PAPERS AND PROPERTY

At the termination of services under this agreement, Attorney will release promptly to Client on request all of Client's papers and property. "Client's papers and property" include correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation, whether Client has paid for them or not.

4

## 12. DISCLAIMER OF GUARANTY

Although Attorney may offer an opinion about possible results regarding the subject matter of this agreement, Attorney cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guaranty.

## 13. ENTIRE AGREEMENT

This agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this agreement will be binding on the parties.

## 14. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY

If any provision of this agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

## 15. MODIFICATION BY SUBSEQUENT AGREEMENT

This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement to the extent that the parties carry it out.

## 16. ATTORNEY'S FEES & COSTS IN ACTION ON AGREEMENT

The prevailing party to the greater extent in any action or proceeding to enforce any provision of this agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding.

## 17. COOPERATION

The Law Offices of Ronald Richards & Associates and Martin Godin, Esq have agreed to provide legal services for the purpose of completing the assignment for which it is herein retained, and client agrees at all times to remain available and to fully cooperate with the Law Offices of Ronald Richards & Associates and Martin Godin, Esq. to permit them to adequately and timely complete their assigned work.

## 18. EFFECTIVE DATE OF AGREEMENT

executed by Client, one copy of the agreement is received by Attorney. This agreement is required by California *Business and Professions Code* §6147 and

5

is intended to fulfill the requirements of that section.

I have read this contract, have received a copy of it, and agree to the terms and conditions. There are no other agreements, oral or otherwise between Clients and Attorneys. The foregoing is agreed to by:

19. SCOPE OF THE AGREEMENT

Time period from date of execution to five months. This period will be reasonably extended by attorney if there are simply continuances during this five month period.

The undersigned to this agreement acknowledges financial responsibility for payments required herein and agrees to comply with each and every covenant and condition as stated above.

20. CHOICE OF LAW AND FORUM SELECTION:

Any litigation or disputes arising out of this agreement shall be governed according to California law and litigated in the Los Angeles Superior Court. The parties give consent to jurisdiction in California.

21. SOURCE OF FUNDS:

Client represents that all funds used as payment in this matter are from a lawful source and are from the client. Client represents that even if the funds are from a third party that they are from the client due to the fact that the client is in custody at the time and may have third parties pay his expenses at his request whereas client will be reimbursing the third parties.

22. RULE 3-310 DISCLOSURE (If applicable)

The fees in this agreement are being paid by client's family/friends. Client acknowledges this and waives any potential conflict relating to the payment of fees by a third party and consents to the retainer being paid by his friend as client is in custody.

Date: 5/5/05                              Date:_____

(His local attorney may sign if he is in custody)

_____     _____
Client-Grant Boyd                        Attorney-Ronald Richards, Esq.

6

I, _____ agree to be expressly bound by the financial conditions relating to this agreement. I guarantee payment of the retainer as stated in paragraph 3. I acknowledge and agree to the true retainer aspects of this agreement as stated in paragraphs 1 and 3.

_____
Third Party Guarantor if applicable