

**Certified Mail: 7011 1150 0000 5750 2331**

FILED
IN CLERKS OFFICE
2013 SEP 23  P 1: 15
U.S. ...
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GRANT BOYD

v.                                                File: 05-10037-GAO

UNITED STATES

**MOTION FOR SUMMARY JUDGMENT**
(FRCivP 56)

Now Comes Petitioner at the conclusion of the Government's discovery and pleadings to Move the Honorable Court to Grant Summary Judgment in Petitioner's favor, as the Sentencing Court allowed Boyd to preserve his Right to 2255 review and the Government, within its Answer, has stipulated to the facts supporting relief on Petitioner's Due Process Claim.[1] (D412 pp.5, 14)

---

[1] This Motion for Summary Judgment is intended to replace D362 "Motion for Summary Judgment" which should have been withdrawn, as requested, when this was filed.

1

## SUMMARY OF DUE PROCESS CLAIM

The events leading up to the Due Process error, start at the September 14, 2005, Rule 44(c) Hearing, requested by the Government to investigate who paid for Counsel; where it was the Government's belief that a third party involved in the underlying drug conspiracy paid for Counsel to represent Boyd. (D16) At the Hearing, after an extensive colloquy, the Judge Magistrate determined that Boyd's family paid counsels' fees; however, whether it was Boyd's demeanor, answers or competency, the Judge Magistrate felt it necessary to offer a promise to appoint counsel should Boyd be concerned, at anytime now or in the future, with a potential conflict, even if it was to obtain counsel to determine if there was a potential conflict. (9/14/05 TR pp.16-21) This promise allowed Boyd to put his concerns with counsels aside, and was the reason Boyd entered a Rule 44(c) waiver; in other words the Court's promise induced Boyd to waive a Constitutional Right to conflict free counsel. The problem arises when the Judge Magistrate failed to put this Oral Ruling and its promise, in writing for the benefit of the Court should Boyd request the promised benefit of that Ruling. When Boyd, in fact made such a request (D31) citing the offer by the Court, the District Court denied that request. This denial breached the September 14, 2005 Ruling and the promise therein, thereby changing the circumstances and consequences of the Rule 44(c) waiver, rendering Boyd's waiver invalid and forcing Boyd to proceed with

2

counsels operating under a conflict. To obtain the promised benefit, the Oral Ruling does not require Boyd to demonstrate he had an actual conflict, it simply required Boyd to request counsel if Boyd had a concern with what Boyd thought might be a potential conflict, which he did. (D31)

The Court unknowingly caused a Due Process Violation to occur by its breach of the September 14, 2005 Oral Ruling and promise therein. In response to the Motion for 2255, the Court decided on December 21, 2012, to grant the Government's motion (D324) to access privileged communications to develop the record, a record that did not need to be developed to grant relief as to the Due Process claim because the record was fully developed. (D352, Petitioner's Second Objection re:D324 Government's Motion for Order to Disclose Attorney Client Privilege); The Government used that authority to call defense counsels and ask them if they deny Boyd's claims; the alternative would be for counsels to admit to the US Attorney's Office to malpractice, misprision of a felony, and/or criminal activities in furtherance of the underlying drug conspiracy. Counsels' unsworn hearsay statements to the US Attorney's Office denying Boyd's claims, found their way into AUSA Zacks' Affidavit (G.App:112) and were later proven false by evidence contained within Counsels' own client file on Boyd. (D419 Judicial Notice; and 2005 email from Richards to Godin & Horstmann, D.App007)

counsels operating under a conflict. To obtain the promised benefit, the Oral Ruling does not require Boyd to demonstrate he had an actual conflict, it simply required Boyd to request counsel if Boyd had a concern with what Boyd thought might be a potential conflict, which he did. (D31)

The Court unknowingly caused a Due Process Violation to occur by its breach of the September 14, 2005 Oral Ruling and promise therein. In response to the Motion for 2255, the Court decided on December 21, 2012, to grant the Government's motion (D324) to access privileged communications to develop the record, a record that did not need to be developed to grant relief as to the Due Process claim because the record was fully developed. (D352, Petitioner's Second Objection re:D324 Government's Motion for Order to Disclose Attorney Client Privilege); The Government used that authority to call defense counsels and ask them if they deny Boyd's claims; the alternative would be for counsels to admit to the US Attorney's Office to malpractice, misprision of a felony, and/or criminal activities in furtherance of the underlying drug conspiracy. Counsels' unsworn hearsay statements to the US Attorney's Office denying Boyd's claims, found their way into AUSA Zacks' Affidavit (G.App:112) and were later proven false by evidence contained within Counsels' own client file on Boyd. (D419 Judicial Notice; and 2005 email from Richards to Godin & Horstmann, D.App007)

Given Counsels' false statements to the US Attorney, statements they would have known were false after reviewing their client file, Petitioner does not believe an evidentiary hearing will be overly fruitful in understanding what really happened over 8 years ago and after 100's of clients, given Counsels' demonstrated inclination not to review the file. Furthermore, it is unnecessary to further develop the record as relief can be granted on the Due Process Claim without such a hearing.[2]

## ARGUMENT

This Motion for Summary Judgment is made in the interests of justice and judicial resources, and is consistent with Habeas Corpus statute for the Court to "forthwith award the writ…unless it appears from the application that the applicant…is not entitled thereto." 28 UCS §2243 (2006) see Id (The Court shall…dispose of the matter as law and justice require).

There are two surviving claims, the Due Process and Ineffective Assistance Claims. To resolve the Ineffective Assistance Claim (conflict of interest), the Court must:

1. Determine if Rule 44(c) Hearing of September 14, 2005, produced a valid waiver which would estoppel conflict of interest claim; or if the Court's breach rendered it invalid. This can only be answered by first ruling on the

---

[2] Boyd is still concerned the Government is using this action as an investigative tool into Counsels' activities before the statute of limitations expires, without notifying the Petitioner or the Court, thereby infringing upon Petitioner's rights without his knowledge or consent.

4

Due Process claim stemming from the Court's breach of its Oral Ruling resolving Rule 44(c) Hearing; **AND**

2. Holding an evidentiary hearing into events and conversations occurring over 8 years ago and after 100's of clients where memories have already been proven faulty. (D419 Judicial Notice of Fee Agreement and D.App07, the 2005 email from Richards to Godin and Horstmann)

**Conversely**, all the facts necessary to Grant relief as to the Due Process claim can be found in the Court record and have been stipulated to within the Government's Answer. (see Motions for Judicial Notice, D419 & D__ (filed around September 10, 2013)). The Record shows:

1. That at the Rule 44(c) Hearing, Boyd entered a waiver conditioned on the promise that the Court would appoint Counsel if later requested by Boyd to resolve any conflict concern that may arise now or in the future; this promise was used to induce Boyd into waiving his Constitutional Right to Conflict Free Counsel. (9/14/05 TR pp. 16-21)
2. That Boyd asked for new counsel and that the District Court denied request. (D31; 2/6/06 Order)
3. That the Court, at sentencing, agreed with Defense Counsel's suggestion to allow Boyd to preserve his Right to 2255 Review as a resolution to unfinished business. (12/11/07 Sentencing TR, pp. 6-7)

The Government has specifically stated within its answer: (D412 pp. 5 & 14)

a. That *"[t]he Court also informed Boyd that 'if a potential conflict arises, you have the opportunity to come back to the Court and seek*

5

*the appointment of court-appointed counsel to represent you' '[o]r to advise you...about a potential conflict.' 9/14/05 Tr:16; G. App:16. Boyd indicated that he understood. 9/14/05 Tr:16; G.App16; see 9/14/05 Tr:19; G.App:19(the Court noting it had told Boyd that 'if in the future he wanted a court appointed counsel I would likely appoint him one; that in the future he wants court appointed counsel because of a concern about an actual potential conflict I would appoint him one')* (D412, Government's Answer p.5)

b. That *"[o]n October 14, 2005, while his motion to suppress was pending, Boyd sent a letter to the Court in which he asked for the appointment of a lawyer 'independent from existing counsel, to assist me in best understanding what options are truly in my best interest.' D31"* (D412, Government's Answer p.14)

c. That *"the Court denied Boyd's request to appoint counsel by electronic order. See docket entry for 2/6/06."* (D412, Government's Answer p.14)

The Government's statements of fact concerning the Rule 44(c) hearing and Court's denial of Petitioner's Request demonstrate the Government's agreement with Petitioner's Due Process Claim, that there was a breach of the September, 14, 2005 Ruling and promise therein by the Court, after Boyd was induced to waive a constitutional right. There exists NO genuine material fact in dispute to deny granting this Summary Judgment as to the Due Process Claim. (see Judicial Notice filed the week of 9/10/13)

6

Additionally, as argued within the amended Due Process Claim, Petitioner is entitled to a just remedy for the Court's breach and objects to the Government being rewarded with additional access to privileged communications that might arise if an evidentiary hearing was held, especially when relief can be granted on the merits of the Due Process claim as stipulated to by the Government, without further disclosure of privileged communications.

Therefore, in the interests of justice and judicial resources, the Petitioner moves the Honorable Court to Grant this motion for Summary Judgment in Petitioner's favor and the remedy sought by Petitioner as it is the only remedy available that will put Petitioner in the exact position he was in before the Court's breach of the September 14, 2005 Ruling and promise therein. 28 UCS §2243

### §4 REQUESTED REMEDY

No place in the Federal Judiciary can Petitioner find a similar instance of a Court breaching a promise within a criminal prosecution; making this case unique, as it's usually the prosecutor that breaches a promise not the Court. In cases where the Government has breached the agreement, Courts generally craft a remedy to put the Petitioner in the same position he was in before the breach.

In the First Circuit, a breach of agreement within a criminal prosecution, where a right is waived, will never be considered harmless because it's a "plain error," mandating remedy; as it "directly involves the honor of the government,

public confidence in the administration of justice and the effective administration of justice..." Riggs, 287 F.3d @ 226 (quoting US v. Olano, 508 US 725, 732-36 (1993)).

The filings on the record, at the time of the agreement, demonstrate Boyd was not liable for anything more than 120 month mandatory minimum pursuant to 21 USC §841(b)(1)(A)(viii) because the §851 information had yet been filed, presumably because Boyd was cooperating. (G.App:00028)

In cases where the government has breached an agreement, within criminal prosecutions, Santobello 404 US 257, gives some guidance as to remedy, albeit in relation to breach of plea agreement sentencing provisions. However, Santobbello's "reversal of conviction" or "specific performance" is hollow in Boyd's case because here the specific circumstances do not fit and it makes the remedy in Santobello is meaningless. Id at 263. Santobello suggests however, that the Court should, to some degree, consider defendant's preference as his "fundamental rights and privileges were flouted by [court's] breach of [agreement]." Id at 267. The guidance Santobello gives in unique situations is for the Court to consider "what is reasonably due in the circumstances..." Id at 262; see also US v. Carrillo, 709 F.2d 35, 37 (1983 CA1).

The point Santobello makes, is to put the parties in the same position they were originally in at the time of the agreement, the Santobello Court never

8

intended to place the defendant in a worse position as a remedy for the Government's breach and the resulting Due Process violation.

In unusual circumstances, as presents here, the First Circuit has "crafted other remedies." <u>Clark,</u> 55 F.3d at 15; see also <u>Correal</u>, 470 f.2d at 950 ("using equitable powers to remand with instructions to impose a specific sentence because such sentence was the only just remedy")

Along with Boyd, both the government and the Court were party to the Court's proffered resolution within the September 14, 2005 Oral Order, but only Boyd tried to mitigate the damages before sentencing;[3] however, neither the Court nor the Government were interested. Both the Court and the Government received their intended benefit from the Oral Ruling,[4] only the Petitioner was injured by the Court's breach by denying him the promised benefit and forcing him to proceed with counsel operating under joint representation conflict. Additionally, when the Court granted Government's Motion for Order to disclose Defendant's Attorney-Client privileged communications, (12/21/12 Order) while ignoring Boyd's opposition and the issues therein,[5] the Court unjustly rewarded the Government for the Court's breach thereby causing more injury, especially when the Government

---

[3] Boyd filed many motions trying to remove counsel starting with D31 and raised the issues at the first sentencing hearing (7/5/04), second sentencing hearing (9/25/07) and final sentencing hearing (12/11/07)
[4] The swift administration of justice and to ensure a waiver was in place to limit later appeal on the issue.
[5] Request for protective order limiting use of disclosed communication to §2255 proceedings alone. Additionally based on the Court's actions Petitioner is concerned the Government is using this civil action as an investigative tool to bring criminal charges against Godin before the statute of limitations expires or against others where Boyd's Rights are being violated by the Government unknown to the Court.

squandered that authority by using unsupported hearsay statements within AUSA Zacks' affidavit.

Under <u>Santobello</u> <u>Supra</u> and <u>Correal</u>, <u>Supra</u> Boyd is constitutionally entitled to relief because the Court's unfulfilled promise was used induce his wavier of Constitutional Rights. Boyd has a right to be put back in the same position he was in at the time of the agreement, which was 120 month mandatory minimum without §851 enhancement.

Therefore, Boyd asks to be resentenced pursuant to 21 USC §841 (b)(1)(A)(vii) to 120 months with 60 months supervised release. <u>Correal</u> at 950 ("specific sentence…only just remedy)

## SUMMARY

The Court unknowingly caused the Due Process Violation to occur by its breach of the September 14, 2005 Oral Ruling and promise therein; that however, does not render the error harmless and Petitioner is entitled to relief on the Due Process Claim. see 28 USC §2243(forthwith award the writ…unless it appears from the application that the applicant…is not entitled thereto). Furthermore, it is unnecessary and unduly obtrusive to conduct an evidentiary hearing into privileged areas especially since the facts necessary for Granting Summary Judgment on the Due Process Claim are fully developed. Therefore, Petitioner pleads with the Court to Grant this Motion for Summary Judgment and the requested relief.

10

Respectfully Submitted,

Grant Boyd, 04725-082   9/17/13
PO Box 1000
Petersburg, VA 23804

## Certificate of Service

I, Grant Boyd, certify that this Summary Judgment was served upon AUSA Zacks at the address of record on this day via postage pre-paid first class mail.

_____   9/17/13
Grant Boyd                Date

11