UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10037-GAO-1

UNITED STATES OF AMERICA

v.

GRANT BOYD,
Defendant.

ORDER
September 24, 2014

O'TOOLE, D.J.

In 2006, pursuant to a written plea agreement (dkt. no. 124), Grant Boyd pled guilty to a superseding indictment charging him with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841, conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, and conspiracy to launder money in violation of 18 U.S.C. § 1956(h). He was sentenced to a statutory mandatory minimum term of 240 months pursuant to 21 U.S.C. § 841(b)(1)(A), with 10 years of supervised release to follow.

The plea agreement reserved to Boyd the right to appeal from the denial of a motion to suppress, but otherwise contained his express waiver of his right to appeal or collaterally challenge his conviction and the sentence that was imposed. The plea agreement provided:

> Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).
>
> In consideration of the concessions made by the U.S. Attorney in the Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

> (1) Defendant's guilty plea and any other aspect of Defendant's conviction, except the District Court Order denying Defendant's pretrial suppression motion, which appeal is specifically preserved by this Agreement; and
>
> (2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.
>
> Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect. This waiver shall also not apply to Defendant's appeal of the District Court's denial of Defendant's motion to suppress evidence, which appeal is specifically preserved by this Agreement.

(Plea Agreement at 5-6 (dkt. no. 124).)

The defendant did appeal the order denying his pretrial suppression motion, but the order was upheld by the Court of Appeals. Notwithstanding his waiver regarding other matters affecting his conviction or sentence, the defendant has filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255.

In his petition, the defendant argues that (1) he did not enter into the agreement to waive his review rights knowingly and voluntarily; (2) he received constitutionally ineffective assistance of counsel; (3) he has a claim of actual innocence because under United States v. Santos, 533 U.S. 507 (2008), his conduct did not violate 18 U.S.C. § 1956(h). By late amendment of his petition, he also claims a violation of due process.

### A. Waiver of Review Rights

Waiver of collateral review rights is enforceable if the defendant entered into the agreement "knowingly and voluntarily." United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001).

Additionally, the court must have "inquire[d] specifically at the change-of-the-plea hearing into any waiver of appellate rights." Id.

Boyd argues that his plea was not knowing or voluntary. This argument is without merit. In the first place, the language of the "Waiver of Rights to Appeal and to Bring Collateral Challenge" was clear and specific. It was not obscure or abrupt boilerplate, but rather was tailored specifically to his situation. It made clear there were some things he could appeal or challenge – the denial of his suppression motion, any sentence above what the government recommended, and any retroactive new rules – and some things he could not – everything else. Boyd signed the letter under an affirmation that he had read and understood it, that he had discussed it with his attorney, and that the letter agreement set forth the actual agreement he had made with the government.

Moreover, consistently with Teeter and Rule 11 of the Federal Rules of Civil Procedure, Boyd, under oath, affirmed in the Court's colloquy with him the following: (i) that he had personally read the plea agreement more than once, (ii) that he had discussed it with his attorney, who had been able to answer any questions he had, (iii) that he had signed the plea agreement to signify his agreement with its terms, (iv) that he understood the significance of the waiver provision, and (v) that he had discussed it specifically with counsel. (See Tr. of Plea Hr'g, passim (dkt. no. 236).) It does not appear that Boyd simply gave rote answers to the Court's questions; at one point he sought clarity about the agreement concerning his right to appeal a sentence that exceeded the government's recommendation. (Id. at 18-20.) He also affirmed that his decision to plead guilty was his own personal decision and that no one was trying to pressure him against his will to plead guilty. (Id. at 26-27.)

"A defendant is normally bound by the representations that he himself makes in open court at the time of his plea." United States v. Gates, 709 F.3d 58, 69-70 (1st Cir. 2013). Such representations "are more likely to be reliable than later versions prompted by second thoughts." United States v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003). There is no reason to find Boyd's waiver of review rights in his plea agreement to have been uninformed or involuntary other than his latter-day ipse dixit, and that is wholly insufficient.

B. Ineffective Assistance of Counsel

As a variation on the theme, Boyd argues that his attorney rendered constitutionally ineffective assistance in advising him to enter into the plea agreement, with the consequence that he should be relieved of that agreement and the plea that ensued. To prove that counsel was constitutionally ineffective, the defendant must show that counsel's performance fell below an objectively reasonable standard of acceptable professional performance and thus prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). Boyd's claim satisfies neither aspect of the Strickland standard.

Strickland authorizes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Boyd's argument apparently relies on an asserted conflict of interest on the part of counsel, but the "facts" he relies on are garbled. Prior to his plea agreement and plea, an issue arose whether his retained lawyer's fee was being paid by a third party, perhaps in the interest of a co-defendant. The magistrate judge presiding over pretrial matters held a hearing, concluded that no disqualifying conflict existed, but nonetheless advised the defendant that it might be possible to revisit in the future the appointment of counsel for him under the Criminal Justice Act. Boyd latterly attempts to characterize the magistrate judge's comments as an iron-clad promise of new counsel, the breach of which denied him due

4

process, but the relevant transcript belies that argument entirely. In any event, his counsel at the time of the plea agreement and plea was neither of the lawyers involved in the claimed fee payment conflict. Moreover, as indicated by the transcript, Boyd at the time of his plea pronounced himself satisfied with his then-counsel's representation. (See Tr. of Plea Hr'g at 23 (dkt. no. 236).)

Boyd later became unhappy with that lawyer, and on his *pro se* motion the Court appointed a CJA lawyer to represent him through sentencing. It is significant that, prior to sentencing, the new lawyer raised no issue concerning the voluntariness of the plea agreement (including the waiver of review rights) or plea, as he almost surely would have if that had been an issue Boyd was then concerned about.

In sum, there is simply no substantial basis in the record for the assertion that the lawyer who represented and advised Boyd at the time of his plea agreement and plea rendered constitutionally ineffective assistance to him. To the contrary, the plea agreement included some concessions by the government beneficial to the defendant, notably including the right to appeal the suppression order or any unexpectedly high sentence.

Nor could Boyd establish any Strickland prejudice. The evidence of his guilt of the crimes charged, unless suppressed, was overwhelming. At the plea colloquy he acknowledged his factual guilt. (Id. at 27-33.) Because of the quantity of drugs involved and the existence of a prior conviction, he was subject to a statutory mandatory minimum sentence of 20 years. No sentencing argument by counsel could have changed that, but counsel had negotiated a reservation of the right to appeal a higher sentence. In the event, the Court imposed the mandatory minimum. No prejudice has been shown.

C.  "Actual Innocence"

Boyd claims "actual innocence" of the money laundering charge based on his interpretation of United States v. Santos, 553 U.S. 507 (2008). This claim is not precluded by his waiver, because it falls within the plea agreement's exception for "appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect." (Plea Agreement at 6 (dkt. no. 124).)

In Santos, the Supreme Court held that the term "proceeds" in 18 U.S.C. § 1956(a)(1) means "profits," rather than "gross receipts." Santos, 533 U.S. at 527. That interpretation avoided the possible impermissible merging of the predicate offense of illegal gambling with the crime of money laundering. Id. at 515. Although the First Circuit has not specifically addressed the particular issue where the crime underlying the money laundering count was a drug crime and not a monetary crime as in Santos, other circuits have held in cases involving underlying drug offenses that the Santos distinction between "profits" and "gross receipts" is inapplicable. See United States v. Quinones, 635 F.3d 590, 600 (2d Cir. 2011); United States v. Spencer, 592 F.3d 866, 879 (8th Cir. 2010); United States v Webster, 623 F.3d 901, 906 (9th Cir. 2010); United States v. Demarest, 570 F.3d 1232, 1242 (11th Cir. 2009). The First Circuit has signaled that it is likely to reach the same conclusion in an appropriate case. See United States v. Bucci, 582 F.3d 108, 123-24 (1st Cir. 2009). Boyd's claim in this respect lacks merit.

For the reasons set forth above, Boyd's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 293) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge